## THE STATE OF MINNESOTA

*vs.*

## JAMES E. FROISETH.

When an additional juror, who was duly summoned and returned, is sworn and admitted as a member of the grand jury after they have been regularly impanneled, sworn and charged, but is not charged by the court, and such juror is present, and participates in the subsequent examination of a criminal charge, and votes upon the finding of an indictment, such indictment will not be set aside upon that ground.

This case comes to this court from the court of common pleas, Ramsey county, and is fully stated in the opinion of the court.

F. R. E. CORNELL, Attorney General.

HENRY J. HORN and H. H. FINLEY for Defendant.

*By the Court*—McMILLAN, J.—The defendant was indicted in the court of common pleas of Ramsey county, for the crime of extorting money.

After the indictment was filed, and before pleading, the defendant by his attorney moved to set aside the indictment because the grand jury was not charged by the court; that

is to say, one C. L. Grant, one of the grand jury, was not present when his fellow grand jurymen were charged, and the said C. L. Grant has never been charged by the court.

It appears by the stipulation of the county attorney, and the attorney for the defendant, "that C. L. Grant, one of the grand jurors who was present during the examination of the charge by the grand jury, and voted upon the finding of said indictment, was not present during the charge of the court to the other grand jurors, and was not charged by the court."

Upon this state of facts, the court below being of opinion that questions of law arise upon said motion to set aside the indictment, which are so important and doubtful as to require the decision of the supreme court, the defendant expressly desiring and consenting thereto, ordered the case to be reported and certified to this court in pursuance of the statute.

There is nothing in the paper book to show the circumstances of the juror's absence, or why he was not present when the charge to the grand jury was delivered.

We must presume, nothing appearing to the contrary, that a competent grand jury was regularly impanneled, sworn and charged by the court in accordance with the direction of the statute; that the juror Grant was one of the regular panel of grand jurors, and was duly sworn as a member of the grand jury; whether he appeared and was sworn with the other members of the grand jury, and was absent during the charge, or whether, as is probably the case, he appeared and was sworn after the charge was delivered, does not appear; but it is perhaps immaterial which was the fact, for in either case there was without him, as we must presume, a competent grand jury impanneled, sworn and charged.

*Sec.* 21, *of ch.* 107, *of the General Statutes,* provides that the court "from the persons summoned to serve as grand jurors and appearing," shall appoint a foreman.

*Sec.* 22 is in the following words: "The grand jury shall then be sworn according to law, and if afterwards, any grand juror appears and is admitted as such the same oath shall be administered to him."

*Sec.* 23 provides that "the grand jury being impanneled and sworn shall be charged by the court," and defines the character of the charge.

It is apparent from the terms of section 23 and the two preceding sections, that the charge directed by section 23 is to be given at the organization of the grand jury, and there is no provision of the statute requiring the court to repeat the charge at any subsequent time.

If then not less than sixteen grand jurors appear, and are impanneled, sworn and charged by the court, a competent grand jury is organized. *Gen. Stat. ch.* 107, *secs.* 1, 12.

The question then follows whether subsequent to the charge any other person of the regular panel can be admitted as a member of the grand jury, and if so, whether he must be charged by the court.

There can be no doubt, it seems to us, that by the terms of section 22 above quoted, the court may admit an additional grand juror after a sufficient number of the panel have been sworn and before the charge is given. We think however the provisions of section 22 do not limit the court in thus admitting an additional grand juror, to a time after the swearing of the grand jury and before the charge, but embraces the entire period of their sessions as a grand jury. There is certainly no express limitation to this effect.

The language is "if *afterward,* [that is after the grand jury shall be sworn] *any* grand juror appears and is admit-

ted as such, the same oath shall be administered to him."
The effect of the word "afterward" is to render it necessary
that the admission of the grand juror should be subsequent
to the swearing of the grand jury, and if the legislature
had intended to limit the period for the admission of the
juror, it is fair to suppose they would have expressed that
intention in appropriate terms. This intention cannot be
inferred from the fact that it is followed immediately by
section 23, which enacts that "the grand jury being impan-
neled and sworn, shall be charged by the court," because
the grand jury may be charged when but sixteen grand
jurors are impanneled and sworn, and the provisions of the
statute thus be fully complied with, yet the provision under
consideration clearly implies that if the additional juror is
one of the regular panel, he must be additional to the num-
ber sufficient to constitute a grand jury already sworn.
The first object in section 22 was to provide that the grand
jury should be sworn, whether all appeared at the organi-
zation, or some were added afterward, not primarily to
provide for additions to the grand jury after its organiza-
tion; and as the provisions that the jury at its organization
should be sworn, and also that those subsequently admitted
should be sworn, are cognate, it was proper that both pro-
visions should be embraced in one section; and as a suffi-
cient organization of the grand jury must precede the
charge, it was appropriate to place these sections in their
present order.

But we think the provision in section 22 authorizing
additional grand jurors to be admitted after the organization
of the grand jury, is not limited to persons embraced in the
original panel. The language is broad: "if, afterward, *any*
grand juror appears."

By *sec.* 10, *of ch.* 107, it is provided "in case of deficiency

of grand jurors in any court, writs of *venire facias* may be issued to the proper officer to return forthwith such further number of grand jurors as are required."

And by *ch.* 64, *title* 1, *sec.* 17, it is provided as follows: " Whenever at any term of any district court (applicable also to the court of common pleas, *Sp. L.* 1867, *ch.* 84, *pg.* 272,) there is a deficiency of jurors, the court may order a special venire to issue to the sheriff of the county, commanding him to summon from the county at large, a number therein named of competent persons to serve as jurors for the term, or *for any number of specified days.*" The language of this latter section is general as to the jurors embraced in its provisions, and a reference to *sec.* 15, preceding it, clearly shows that it was intended to embrace both grand and traverse juries ; and as to grand juries, the deficiencies referred to may occur either at the time of the organization of the grand jury, by the failure of a sufficient number to appear, or at any subsequent period of their services, by death, sickness, challenges to individual jurors, (*ch.* 107, *secs.* 15–19,) or other unavoidable causes.

Deficiencies in the grand jury, except those occasioned by a failure of a sufficient number of the original panel to appear in the first instance, would in most, if not all cases, occur subsequent to the organization and charging of the grand jury ; and as there is no other provision expressly authorizing jurors to be admitted and sworn to supply such deficiencies, we must infer that it was intended by section 22, to provide for such cases.

It would then seem to follow, that the time for the admission of jurors prescribed by section 22, was not limited to a period prior to the charging of the grand jury, but extended throughout the sessions of the grand jury, and that the words " any grand juror," in that section, embrace

both those on the original panel, and such as may have been subsequently summoned.

If then grand jurors may be admitted and sworn after the charge required by section 23 is given, and the grand jury fully organized, in the absence of a provision requiring the grand jury to be re-charged, or the charge to be delivered to such new jurors, the omission to do so would not seem to be an irregularity which would be fatal to the organization of the grand jury, or invalidate an indictment returned by such grand jury.

So far as the provisions of statute to which we have referred are concerned, we find no difficulty in reconciling them with the position we have stated. But by section 22 the same oath is to be administered to grand jurors admitted subsequent to the organization of the grand jury, that is to be administered to the grand jury at its organization. The oath to be administered to the grand jury as prescribed by *section 5, title 1, chap.* 72, as far as it is necessary to recite it here, is as follows : " You and each of you do solemnly swear that you will diligently inquire, and true presentment make of all public offences committed or triable within the county, of which you have legal evidence according to your charge ;  *   *   *  you will present things truly as they come to your knowledge, to the best of your understanding, according to the laws of this state."

It is true the first clause of this oath seems to recognize a charge, but does it when administered to persons as members of the grand jury after its organization recognize or imply a separate charge to such persons ?

The oath as prescribed in the statute is the " oath to be administered to the grand jury," and was intended to be the oath to be administered to the grand jury at its organ-

ization, and by the use of the words "according to your charge," refers to the charge to be given at such organization, in accordance with *sec.* 23 *of chap.* 107, referred to. If the same oath is to be administered to jurors afterwards admitted, the charge referred to, as to them, since no charge to them is required, would seem to be the charge to the organized body, or grand jury, of which by their admission they became members.

But it may be asked, how are they to be governed by a charge which they have not heard? In answer to this, it may be said, that the section of the statute directing the charge prescribes that, in doing so, the court shall read to the grand jury the provisions of chapter 107, from section 27 to section 42, both inclusive; that these sections define the powers and duties of the grand jury, the evidence to be received by it, and mode of pursuing its investigations, and is substantially the charge of the court; that these sections are presumptively within their knowledge as members of the body already organized. But a further and conclusive answer to the objection is that the statute does not require the charge to be given; that the obligation of the oath of the grand juror, so far as it is necessary to constitute him a member of the grand jury, is not impaired by the omission to give it; that by assuming the obligation of the oath the grand juror becomes a member of the organized body, the grand jury, which has been regularly charged by the court.

There being no objection that the juror was not competent, nor regularly impanneled, and sworn, his admission, although not charged by the court, would not affect the organization of the grand jury which was regularly impanneled, sworn and charged previous to his admission as a member of it.

The finding of the indictment in this case is therefore regular. See *Findlay vs. People*, 1 *Mich. R.* 234: 1 *Ch. Cr. L.* 313.

But it may not be improper to say, that in cases where a sufficient number of grand jurors upon the regular panel appear and are sworn and charged, the admission of others. of the regular panel appearing afterwards, is a matter addressed to the discretion of the court, and in such cases when they are admitted, or where additional jurors are summoned after the organization of the jury, to supply any deficiency which may occur, in view at least of the oath prescribed, the charge should be repeated.

The motion to set aside the indictment is denied.