Van Orsdol v. The B., C. R. & N. R. Co.

1. **Railroad**: NEGLIGENT CONSTRUCTION: EVIDENCE. In an action to recover damages sustained by reason of the negligent construction of a railroad over the plaintiff's farm, the fact that the road is built as railroads usually are in such locations is no defense.

2. ——: ——: DAMAGES. Where it is practicable in the building of a railroad to construct a culvert which will allow the passage of the water of a stream in its natural channel, it is negligence not to do so, and a land-owner injured by such failure may recover damages.

3. ——: ——: ——. A right of action to recover for permanent injuries to land resulting from the negligent construction of a railroad thereon accrues at the time the first injury is sustained, and not necessarily from the date of the construction of the road.

*Appeal from Buchanan Circuit Court.*

MONDAY, JUNE 20.

ACTION to recover damages sustained by plaintiff by reason of a stream of water being diverted in the construction of defendant's railroad, whereby sand and earth were washed upon and deposited on plaintiff's land. Judgment upon a verdict was rendered for plaintiff; defendant appeals.

*J. & S. K. Tracy* and *D. W. Bruckart*, for appellant.

*Hasner & Van Orsdol*, for appellee.

BECK, J.—I. The petition alleges that the defendant's railroad is located upon plaintiff's farm, and crosses two sloughs thereon, the water of which in the natural state was clear and pure, and ran over a grassy bottom; that in the construction of the railroad one of the sloughs was dammed, and the water thereof diverted from its natural course, and conducted for a long distance through loose sand and dirt into the other slough, over which a culvert was constructed;

that the water flowing through the loose sand and dirt from the first named slough bore a large quantity thereof, which was deposited upon plaintiff's land; that by reason of "the faulty construction" of the railroad, which has not been changed, plaintiff has sustained damages, and that the injury from the deposits made upon his land is permanent, and commenced in July, 1876.

The defendant in its answer alleges that the railroad was constructed in 1873, and that the defendant became the owner thereof in 1876, and denies any negligence or unskillfulness in the construction of the road. It is averred that if any cause of action ever existed, it accrued more than five years before the suit was commenced, and is, therefore, barred by the statute of limitations.

II. The plaintiff testified that his farm "without the railroad constructed so as to dam up the slough" would be worth twenty-five dollars per acre. He was then asked the present value of the farm with the railroad constructed as it is, without a culvert over the slough. Objections to this question were overruled, and plaintiff answered that it is worth twenty-one dollars per acre. The admission of this evidence is the ground of the first objection to the judgment urged by defendant's counsel. It is insisted that the evidence should have been limited to the value of the land immediately before and after the road was built in order to show plaintiff's damages. But the injury was not sustained upon the completion of the road, and did not occur till the expiration of three years after. The evidence could not have been directed to the time immediately before and after the building of the road, for no injury had then occurred.

III. It is further insisted that the claim of plaintiff is based upon the injury to the use of the land, and not to the land itself. We do not so understand the pleadings. The injury complained of is alleged to be a permanent injury to plaintiff's farm.

IV. The defendant offered to prove by an engineer that

the railroad is built as railroads are usually constructed in such locations. The evidence was rejected. The issue raised by the pleadings involves the question of negligence in the construction of the road in

**1. RAILROAD : negligent construction : evidence.**

crossing the slough without a culvert. The custom or practice of building railroads cannot be the ground of defeating recovery for negligence. If it were so, the rights of landowners would depend upon the "usual manner" of building railroads. But his rights are absolute, and not dependent upon the will or acts of railroad companies. A stream of water cannot be diverted from its natural channel to his injury. *Stodghill v. C., B. & Q. R. Co.*, 43 Iowa, 26. A railroad company cannot defeat an action for damages based upon such a diversion of a water-course, on the ground that its road is constructed in the usual manner.

V. Certain instructions are objected to in the third point of counsel's argument, on the ground that plaintiff does not claim to recover for the negligent construction of the road. We understand the pleadings to raise the issue of negligence. The record fails to establish the fact upon which counsel's objection is based.

VI. An instruction is to the effect that if it was practicable for defendant to construct a culvert, or other means for the passage of the water of the slough, and the omission so to do caused injury to plaintiff, he is entitled to recover. Counsel for defendant insist that it may

**2. ——— : ——— : damages.**

have been practicable to build the culvert, and yet there was no negligence in failing to do so. We think differently. The law secures to plaintiff the right of an unobstructed passage of the streams of water running through his land in their natural channels. If, in the construction of the road, a stream is diverted to his injury, he may recover. *Stodghill v. C., B. & Q. R. Co., supra.* If the instruction is erroneous, it is too favorable to the railroad company, which cannot, therefore, complain.

VI. The injury to plaintiff's land complained of in the

petition and shown by the evidence was permanent. Defendant insists that it occurred when the road was built, in 1873, and that the action is, therefore, barred by the statute of limitations. But the petition alleges that the first injury sustained by plaintiff was in 1876, and the jury by a special verdict so found. The statute of limitations began to run from that date. *Powers v. The City of Council Bluffs,* 45 Iowa, 652. This action was commenced in 1879; it is, therefore, not barred by the statute.

We have considered all questions discussed by defendant's counsel, and discover no error in the record. The judgment is

AFFIRMED.