## STADLER vs. GRIEBEN.

*November 8 — November 25, 1884.*

PRACTICE: APPEAL TO S. C. *(1) Bill of exceptions. (2) Exceptions
    to findings: Advisory verdict.*
NUISANCE. *(3) When actionable. (4) Abatement: Action at law.
    (5) Damages: Diminution of rental value.*

1. Exceptions to the charge to the jury which are not embraced in
    the bill of exceptions as settled, cannot be considered on appeal.
2. If in an equitable action judgment is entered upon a special ver-
    dict, the findings of the jury stand as the findings of the court
    and should be excepted to as such in order to authorize a review of
    the evidence.
3. A nuisance to be actionable must *materially* affect or impair the
    comfort or enjoyment of individuals or the use or value of prop-
    erty.
4. An action under secs. 3180, 3181, R. S., for damages and the abate-
    ment of a nuisance, is an action at law.
5. Every continuance of a nuisance is a new nuisance, and in an action
    at law only such damages are recoverable as accrued before the
    commencement of the action. Thus, where the plaintiff alleges
    special injury to property used for renting, from noise and bad
    odors, lessening its rental value, he cannot, besides having the
    nuisance abated, recover as for a permanent diminution of such
    rental value, but only for his loss prior to the commencement of
    the action.

APPEAL from the Circuit Court for *Milwaukee* County.

The case is thus stated by Mr. Justice CASSODAY:

" This action was commenced August 24, 1882. It is alleged in the complaint, in effect, that at the time of the commencement of this action, the plaintiff was, and for more than four years then last past had been, the owner in fee, and, by himself and his tenants, in possession, of lots 2, 3, and 6, in block 36, in the Sixth ward of Milwaukee, with nine substantial two-story buildings thereon, used and occupied by himself and tenants for stores and dwelling-houses, three of which buildings fronted on Vliet street and six fronted on Fifth street and the public square opposite; that during said time the defendant had kept and maintained a stock-yard on the northwest corner of said streets, and near to and only diagonally across said streets from the plaintiff's said premises, and during said time had kept and caused to be kept in said stock-yards, cattle, calves, sheep, and hogs, for market and otherwise, and in such a manner as to be a special injury and nuisance to the plaintiff's said premises, and to himself and his tenants occupying the same, thereby greatly lessening and reducing the rental value of the buildings and lots, to the damage of the plaintiff in the sum of· $5,000; wherefore the plaintiff prayed judgment that the defendant be enjoined from continuing the nuisance, and that the same be entirely prohibited and removed, and that the plaintiff have judgment for $5,000 damages, with the costs of the action.

" The answer admitted the ownership and occupancy of the premises of the plaintiff and defendant substantially as alleged, and then denied each and every allegation of the complaint.

" The jury viewed the premises as a part of the trial. On the trial the court submitted to the jury a special verdict, and they answered the several questions submitted, to the effect (1) that the defendant had frequently, within the past four years and during four years prior to August 23,

1882, maintained and kept sheds, yards, and pens on his said premises, and at such place had kept, and allowed to be kept, cattle, calves, sheep, and hogs for market; (2) but that the keeping of said animals created no offensive noxious smells which tainted the atmosphere so as to thereby cause such a degree of annoyance and discomfort to the inmates of the plaintiff's premises that their comfortable enjoyment and use of them was materially interfered with and impaired; (3) that the keeping of said animals at such times created no such loud, offensive, and disturbing noises as to render the enjoyment and use of plaintiff's premises uncomfortable, or so as to materially interfere with and impair their use; (4) that the rental value of plaintiff's premises or any part of them, during said four years, had not been materially affected by said odors and noises, or either, proceeding from defendant's cattle-yard; (6) that they found for the defendant. From the judgment entered upon such verdict in favor of the defendant the plaintiff appealed."

For the appellant there was a brief by *Goodwin & Miller*, and oral argument by *Mr. Goodwin*. They contended, *inter alia*, that any use of property which corrupts the atmosphere by impregnating the air with stenches, is a nuisance *per se.* Pig-styes and slaughter-houses in cities have always been regarded as nuisances *per se*, although buildings are erected after the nuisance is in existence. *Catlin v. Valentine*, 9 Paige, 576; *Pennoyer v. Allen*, 56 Wis. 502; Wood on Nuisances, §§ 495–6, 504–5, 518; *Aldred's Case*, 9 Coke, 58; *Bishop v. Banks*, 33 Conn. 118; *Hackney v. State*, 8 Ind. 495; *State v. Payson*, 37 Me. 361; *Brady v. Weeks*, 3 Barb. 157; *State v. Boll*, 59 Mo. 321; *Comm. v. Upton*, 6 Gray, 473. If the nuisance affects the people in general and any person in particular the action can be maintained. *Francis v. Schoellkopf*, 53 N. Y. 152; *Pickard v. Collins*, 23 Barb. 444; *Brady v. Weeks*, 3 id. 157; *Wesson v. Washburn Iron Co.* 13 Allen, 95, 102; *Stetson v. Faxon*, 19 Pick. 147. If a

Stadler vs. Grieben.

particular trade is a nuisance *per se*, no evidence of hurtful results is necessary in a private action; simple proximity to the property of another is sufficient. *Francis v. Schoellkopf*, *supra; Wesson v. Washburn Iron Co. supra; Ill. Cent. R. R. Co. v. Grabill*, 50 Ill. 241. The measure of damages is the difference in rental value, with the nuisance and without the nuisance. Wood on Nuisances, 577–79, §§ 520, 535.

For the respondent there was a brief by *Jenkins, Winkler & Smith*, and oral argument by *Mr. Winkler*.

CASSODAY, J. 1. Undoubtedly, " either party may, at any time before the close of the term at which the action is tried, except to any part of the judge's charge to the jury, not given with his express consent, with the same effect as if done at the trial before the jury retired." Sec. 2869, R. S. But to make such exceptions available the bill of exceptions as settled must contain a statement of the exceptions so taken. Sec. 2873, R. S. Here the proposed bill of exceptions contained a statement of exceptions to portions of the charge, but the defendant, by way of amendment, moved to strike them out, which was done in accordance with a written stipulation on the part of the plaintiff, so that the bill of exceptions, as settled, contains no statement of any exception to any portion of the charge. A party is not entitled to the benefit of every exception to the charge which he may file in the cause. He is not entitled to an exception to a portion of a charge given by his express consent. The statute only authorizes such exceptions as are taken before the close of the term at which the action was tried. We must presume that the exceptions here filed were excluded from the bill of exceptions because they were unauthorized. Certainly they cannot be treated as a part of the record, and hence are not before us for consideration. We are confined to matters of record.

2. Counsel for the plaintiff objected to the word " mate-

rial" as used in the second, third, and fourth questions submitted to the jury; but it is well settled that the law gives protection only against substantial injury. To be of legal cognizance, the injury must be tangible, or the discomfort perceptible to the senses of ordinary people. No party is liable to another as and for a nuisance simply because he keeps a stock-yard, if it is kept in such a place and in such a manner as not to contaminate the atmosphere to such an extent as to substantially interfere with the comfort or enjoyment of others, or impair the use of their property. In other words, the comfort, enjoyment, or use must be materially affected or impaired. *Pennoyer v. Allen*, 56 Wis. 511. The same view is supported by several cases not there cited. *Sturges v. Bridgman*, 32 Moak's Eng. Rep. 837; *Baltimore & P. R. R. Co. v. Fifth Baptist Church*, 108 U. S. 317; *Appeal of Pa. L. Co.* 96 Pa. St. 116; *S. C.* 42 Am. Rep. 534; *Fish v. Dodge*, 47 Am. Dec. 254.

3. It is urged that the case should be treated as a bill in equity, and hence that the findings of the jury are not binding, as they would be in an action at law. If that were so, the special verdict would stand as the findings of fact by the court, and hence, to authorize a review of the evidence, exceptions should have been taken to such findings, and then such exceptions should have been incorporated into the bill of exceptions. These things were not done, and we would, therefore, be precluded from reviewing the evidence, even upon the theory of counsel. Secs. 2870, 3070, R. S.; *Evenson v. Bates*, 58 Wis. 24; *Cramer v. Hanaford*, 53 Wis. 85.

4. But the learned counsel concedes that the action was brought under secs. 3180 and 3181, R. S. Such action, by a private person, to recover damages for and to abate the nuisance, is necessarily an action at law. In so far as these sections authorized judgment of abatement in such action at law by a private party, this court has frequently held that they had the effect to abrogate the remedy in

equity to abate such private nuisance. *Remington v. Foster*, 42 Wis. 608; *Cohn v. Wausau Boom Co.* 47 Wis. 314; *Pennoyer v. Allen*, 51 Wis. 360; *Lohmiller v. Indian Ford W. P. Co.* id. 688; *Denner v. C., M. & St. P. R'y Co.* 57 Wis. 221. Such abatement under those sections was, in the absence of the requisite certificate of the court, a legal consequence of the plaintiff's recovery in the action at law, and could be had only when the plaintiff prevailed. "Evidently to obviate that difficulty, the statute was amended by ch. 190, Laws of 1882. That amendment restores equitable jurisdiction in the particular cases therein named. To bring the cases within such jurisdiction the essential facts should be affirmatively alleged in the complaint. Here it is enough to say that the complaint fails to state facts sufficient to bring the case within any of the provisions for equitable relief in that amendment." *Denner v. C., M. & St. P. R'y Co.* 57 Wis. 221. It follows that this action must be treated as one at law and not in equity.

5. In such action at law the plaintiff could only recover for such damages as accrued before the commencement of the action. Such damages as might accrue after the commencement of the action, and before the verdict, could only be recovered in an action subsequently brought. *Cobb v. Smith*, 38 Wis. 21. This is on the ground that every continuance of a nuisance is, in law, a new nuisance. *Ramsdale v. Foote*, 55 Wis. 557.

6. This narrows the case to the alleged errors in admitting and excluding evidence. The exceptions to such admissions and exclusions of evidence are too numerous to mention in detail. They all seem to be the result of a misconception of the nature and purpose of the action. It is admitted that the plaintiff did not personally occupy any portion of his premises in question. As already suggested, the action was at law, to recover such special damages as the plaintiff had sustained prior to the commencement of the action. To

recover in such action two things were incumbent upon the plaintiff. To recover at all, it was necessary for him to furnish evidence tending to prove that prior to the commencement of the action, and for at least a portion of the time during the four years then last past, the defendant had kept or maintained his stock-yard in such a manner as to be a nuisance. In addition to this, it became necessary, since this was a public nuisance, if nuisance at all, for the plaintiff, under the statutes referred to, also to furnish evidence tending to prove that during at least a portion of the four years immediately preceding the commencement of the action he had "suffered a private or special injury, peculiar to himself," by the presence of such nuisance. Since the plaintiff did not personally occupy his premises in question, but kept and used them for rental merely, it is obvious that the only special injury he could sustain peculiar to himself, by reason of the presence of such nuisance, was the impairment, during the time, of such use by a diminution of the rent which he otherwise would have secured.

Assuming that the jury were convinced that the stock-yard in question was, during the four years, a nuisance, and that the plaintiff's use of his premises was, during the time, materially impaired by reason of the presence of such nuisance, then how much less was the value of such use by reason of such presence than it would have been without such presence? But very little, if any, evidence tending to establish this fact, essential to the plaintiff's recovery, seems to have been educed upon the trial. The failure to prove this essential fact seems to result from the misconceived idea that it was not essential. In fact, the learned counsel for the plaintiff state in their brief that "it will be observed that we do not bring the action for rents that have been lost, but for the diminution of the rental value of the estate." From this we understand counsel to mean the permanent diminution of the value of the property for rental purposes. But

to recover and receive pay for the amount of such permanent diminution of value would be to obtain full pay and satisfaction for all damage which had been or could be sustained by reason of the presence of such nuisance. Obviously, it would be unjust to have such full payment and satisfaction, and also, in addition, an abatement of the nuisance. Such abatement would, of itself, restore the injured property to its former value, and thus prevent all subsequent damage. To have full payment and satisfaction for all past, present, and prospective damages, and also such restoration, would be double compensation for a large portion of the time. It would be the paying for the privilege of perpetually keeping and maintaining the nuisance, and then being deprived of the privilege. Not so where the damages recovered are for injuries sustained prior to the commencement of the action. The recovery of damages for such past injuries is not at all inconsistent with the abatement of such nuisance, since the abatement is simply to prevent subsequent injury. Here the field of inquiry was necessarily limited to the four years immediately preceding the commencement of the action, and to the diminution of rent during that period by reason of the presence of the nuisance.

These suggestions dispose of all the exceptions to the rulings on the admission and exclusion of evidence, and such exceptions will not be further noticed. Much of the excluded testimony on the part of the plaintiff related to the condition of things at the time of the trial, or after the commencement of the action. None of it seems to be limited to the four years immediately preceding the commencement of the action.

*By the Court.*— The judgment of the circuit court is affirmed.