N. E. COLSTRUM *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

July 8, 1885.

Real Property—Damages for Nuisance—Injunction.—In an action under Gen. St. 1878, c. 75, § 44, the plaintiff may recover damages arising from the nuisance complained of, both direct and consequential. If necessary to a complete and effectual abatement of the nuisance, an injunction against its continuance may properly be adjudged for that purpose.

Appeal by defendant from a judgment of the district court for Hennepin county, *Lochren,* J., presiding. A former appeal in this action is reported in 31 Minn. 367.

*J. D. Springer,* for appellant.

*F. Hooker,* for respondent.

BERRY, J. The plaintiff, as owner of a tract of land at the intersection of two public streets in Minneapolis, brings this action to recover possession of the adjacent portions of said streets, to the centre line thereof, alleging that defendant has unlawfully entered upon and

appropriated the same to its own use by excavating, laying down tracks, and maintaining and operating its railroad thereon, thereby depreciating the value of his tract, and the rents and profits thereof.

Upon defendant's default, and upon evidence introduced by plaintiff, the court found the allegations of the complaint in effect true, and gave judgment in plaintiff's favor for the recovery of possession (subject to the highway rights of the public) of the portions of the street so appropriated and occupied by defendant; for a perpetual injunction restraining defendant from maintaining and operating its railroad upon said portions; and for damages in the sum of $250.

Defendant's entrance upon and occupation of the half of the streets adjacent to plaintiff's tract was an obstruction to the free use of plaintiff's property, and therefore, as respects plaintiff, a nuisance, as the same is defined in Gen. St. 1878, c. 75, § 44. The same section gave plaintiff an action for the nuisance by the judgment in which the nuisance might "be enjoined or abated, as well as damages recovered."

As the statute gives the right to recover damages generally, any kind of damages resulting from the nuisance, whether direct or consequential, may properly be recovered in the action. The nuisance may also, in the same action, be abated, and if, as in this instance, a complete and effectual abatement can be had only by ousting defendant from possession and putting plaintiff in possession, and by enjoining defendant from maintaining and operating its railroad upon plaintiff's land, the abatement may properly be accomplished in that way. This case seems to be fully covered by *Harrington* v. *St. Paul & S. C. R. Co.,* 17 Minn. 188, (215,) and *Finch* v. *Green,* 16 Minn. 315, (355;) and see *Williams* v. *New York Cent. R. Co.,* 16 N. Y. 97.

As to the objection that the injunction should not have been perpetual, because it will prevent defendant from acquiring a right of way by condemnation proceedings, there is, in the first place, nothing in this case to show that defendant desires any such condemnation; and, in the second place, if necessary for that purpose, the injunction can be modified upon a proper showing, as was done in *Weaver* v. *Miss. & Rum R. Boom Co.,* 30 Minn. 477.

Judgment affirmed.