Lydia C. Downing, Appellant, v. City of Oskaloosa, Appellee.

**Nuisance**: DAMAGES: ABATEMENT: CONSTRUCTION OF STATUTE. Under the provisions of section 3331 of the Code, permitting an action at law for nuisance to be brought by the person injured, and providing that in such action the nuisance may be enjoined or abated, and damages also recovered therefor," the abatement of the nuisance in such an action, when permanent damages are recovered, is not mandatory, but rests in the sound discretion of the court.

*Appeal from Mahaska District Court.*—Hon. D. Ryan, Judge.

Saturday, October 15, 1892.

This is an action at law to recover damages for a nuisance, and asking for its abatement. There was a verdict and judgment for the plaintiff. Upon the rendition of the verdict, the plaintiff moved the court to enter an order enjoining or abating the nuisance. This motion was overruled, to which ruling the plaintiff excepted, and appeals. Judgment was entered upon the verdict.—*Affirmed.*

. *Seevers & Seevers*, for appellant.

*John O. Malcom* and *G. B. McFall*, for appellee.

Kinne, J.—But one question is presented by this record, viz: In an action at law, where the plaintiff claims damages for a nuisance, and also asks that the nuisance be enjoined or abated, and where the case is tried and damages are recovered upon the theory that the nuisance is permanent in character, is the plaintiff, as a matter of right, entitled to an injunction or order for abatement? Our statute provides: "Whatever is

injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought thereon by any person injured thereby, in which action the nuisance may be enjoined or abated, and damages also recovered therefor." Code, section 3331.

It is insisted by the appellant that the word "may," used in the statute, is to be construed to mean "shall" or "must;" that the power therein given is mandatory, and is not simply permissive or discretionary. If this contention is correct, then it is clear that the court below should have entered the order abating the nuisance. The rule of construction is well stated in 14 Amer. & Eng. Encyclopædia of Law, 979, thus: "The word 'may' in a statute is sometimes used in a mandatory, and sometimes in a directory and permissive, sense. It has always been construed to mean 'must' or 'shall,' whenever it can be seen that the legislative intent was to impose a duty, and not simply a privilege or discretionary power, and where the public is interested, and the public or third person have a claim *de jure* to have the power exercised. But it is only where it is necessary to give effect to the clear policy and intention of the legislature that it can be construed in a mandatory sense, and, where there is nothing in the connection of the language or in the sense and policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary." Black's Law Dictionary, title, "May." It is said by a learned writer that "the rule that 'may' is to be interpreted as 'shall' or 'must' is not by any means uniform; its application depends on what appears to be the true intent of the statute." Sedgwick on Statutory and Constitutional Law, p. 438. In some

cases, where it was desired to make the abatement of certain kinds of nuisances obligatory on the court, the the word "shall" instead of "may" has been used in our statutes. Code, sections 1523–1543; Acts of Twenty-first General Assembly, ch. 66, section 5. We must interpret the meaning of the word in view of the policy and intent of the legislature, and of the right of the plaintiff to have the power thus given exercised. To our minds there is nothing in the statute itself, or in the circumstances surrounding its enactment, which requires that this word should be construed to impose an absolute duty on the court, irrespective of circumstances, to enter an order of abatement on the finding that a nuisance exists. Such a construction of the statute would require the court in a law action to exercise a power which even courts of equity will, under some circumstances, refuse. The most that can be claimed for this legislation is that it was the intent of the lawmaking power to invest courts of law with the same powers as to abating nuisances as were possessed by courts of equity.

It is claimed by the appellee that this court has recognized two classes of nuisances—that is, those where the injury is permanent, and in which damages are recoverable in a single action, and those which are continuing, wherein successive actions may be maintained for each fresh injury—and that the statute as to granting an order for abatement applies only to the latter class of cases. The question of original and continuing injuries, as applied to nuisances, will be found discussed in the following cases: *Powers v. Council Bluffs*, 45 Iowa, 655; *Stodghill v. C., B. & Q. R'y Co.*, 53 Iowa, 341; *Van Orsdol v. B., C. R. & N. R'y Co.*, 56 Iowa, 470; *Bizer v. Power Co.*, 70 Iowa, 145; *Shively v. C. R., I. F. & N. W. R'y Co.*, 74 Iowa, 169; *Hunt v. Iowa Central R'y Co.*, ante, 15. In *Miller v. K. & Des M. R'y Co.*, 63 Iowa, 680, which was an action for damages for

a nuisance, and "for a decree enjoining the defendants to cause to be erected a sufficient number of dams across said ditch to protect said realty from being flooded with water coming out of said ditch when there is, or may be, a heavy rise in said river," this court held that damages might be recovered and the nuisance enjoined in the same action, but did not decide as to whether it was obligatory on the court in such cases to grant a restraining order or to abate the nuisance. In *Platt v. C., B. & Q. R'y Co.*, 74 Iowa, 131, the action of the lower court in abating a nuisance where damages were also claimed was approved. In neither of these cases was it determined that the nuisance was of a permanent character. The question, then, which is presented in this case, appears never to have been passed upon by this court.

This question is one on which the authorities are not entirely harmonious. A leading author holds that, if a statute provides for a recovery of damages, and that the nuisance may be enjoined or abated, the allowance of the abatement or injunction does not follow, as a matter of course, but lies in the sound discretion of the court. 1 High on Injunctions [3 Ed.], section 749. In *Kothenberthal v. City of Salem Co.*, 13 Or. 604, 11 Pac. Rep. 287, it was held by a divided court that the verdict of a jury finding a nuisance did not have the effect to make it absolutely incumbent on the court to issue a warrant of abatement; that it was a matter within its discretion. And, in *Bemis v. Clark*, 11 Pick. 454, under a statute providing that, where a judgment is rendered for the plaintiff in an action on the case for a nuisance, the court "may, on motion of the plaintiff, in addition to the common execution, issue a warrant to abate the nuisance," it was held to be within the discretion of the court to grant or refuse the motion. In Wood on Nuisances, section 843, the author, in discussing this question, says: "It is proper

to say, however, that courts hesitate to apply these statutory remedies, and do not generally encourage them; and parties in a proper case will find far more easy redress for their grievances from nuisances in a court of equity than in a court of law. Courts of law will always exercise their discretion in these matters, and, so far as my researches have extended in that direction, I have found that it is only in extreme cases, even where the defendant has been convicted under indictment therefor, that they will order the prostration or removal of the nuisance. They prefer to leave the parties to their redress before a tribunal of larger powers and more effective remedies, where all the rights and equities of the parties can be fully investigated; and this course is not one of doubtful wisdom, and has rapidly grown in favor within the last half century."

In the following cases the right to abatement in cases where damages were asked was sustained: Section 731 of the Code of Civil Procedure of California, among other things, provides that where a nuisance "is the subject of an action, such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance; and by the judgment the nuisance may be enjoined or abated, as well as damages recovered." The court held that, under this statutory provision, a general verdict for damages included a finding in favor of the plaintiff upon all the issues, and the abatement of the nuisance could be included in the judgment. *Learned v. Castle*, 7 Pac. Rep. (Cal.) 34. In *Chapman v. City of Rochester*, 110 N. Y. 273, in an action to enjoin the continuance of a nuisance and for damages, and where the city had, by its sewerage, fouled a stream which the plaintiff used for the purpose of propagating fish, as well as for domestic purposes, the court held that he was not only entitled to damages, but also to an

injunction to prevent the further perpetration of the wrong complained of. In that case, however, the damages recovered were not for a permanent injury. In *Colstrum v. M. & St. L. R'y Co.*, 33 Minn. 516, 24 N. W. Rep. 255, damages were sought for a nuisance, and an injunction asked. The damages recovered appear to have been those sustained prior to the beginning of the suit. The provision of our statute under consideration seems to be like that in Minnesota. The court said: "The nuisance may also, in the same action, be abated; and if, as in this instance, a complete and effectual abatement can be had only by ousting the defendant from possession and putting the plaintiff in possession, and by enjoining the defendant from maintaining and operating its railroad upon the plaintiff's land, the abatement may properly be accomplished in that way."

Another class of cases hold, in effect, that where damages are recovered, past and prospective, for a permanent nuisance, the party recovering them is not entitled to an injunction or an abatement of the nuisance. Thus, in Kentucky it is held that one, by instituting an action for permanent damages, in effect, consents that the defendant may continue the nuisance as it then exists. *Railway Co. v. Esterle*, 13 Bush. 667. See *Fowle v. New Haven, etc., Co.*, 112 Mass. 338. This same doctrine is recognized in *Stadler v. Grieben*, 61 Wis. 500, 21 N. W. Rep. 629, which was an action at law for damages and to abate a nuisance, the statute providing therefor, and where the verdict was against the plaintiff. The court held that the damages in such cases (a stock yard) were continuing, and, in discussing the admissibility of evidence, this language is used: "But to receive and recover pay for the amount of such permanent diminution in value would be to obtain full pay and satisfaction for all damages which had been, or could be, sustained by

reason of the presence of such nuisance. Obviously, it would be unjust to have such full payment and satisfaction, and, also, in addition, an abatement of the nuisance. Such abatement would, of itself, restore the original property to its full value, and thus prevent all subsequent damages. * * * The recovery of damages for such past injuries is not at all inconsistent with the abatement of such nuisance, since the abatement is simply to prevent subsequent injury." It is insisted that this language is *dictum*. Possibly that is so, yet, the reasoning clearly shows the effect of the doctrine contended for by the appellant in the case at bar. In speaking of the doctrine announced in the Kentucky case, Sutherland says: "This conceded, such a recovery will have the effect to give the defendant a permanent right to do the acts which constitute the nuisance as fully as though there had been a condemnation of the property by the exercise of the powers of eminent domain. But the option to recover permanent damages in a common law action, with this effect, is not generally admitted in this country, and is wholly unknown in England." 3 Sutherland on Damages, 413.

In the light of the authorities, we think it is clear that, under our statute, in an action at law for damages for a nuisance, where damages for a permanent nuisance are recovered, it does not follow that the plaintff, as a matter of right, is entitled to either an injunction or an order for the abatement of the nuisance; that in that respect the statute is not mandatory, but the making of such an order is a matter in the sound discretion of the court, to be exercised in view of all the facts and circumstances of the case. There was no abuse of this discretion shown in this case. The plaintiff has recovered compensation for the permanent injury to her property. She now seeks to invoke the aid of the law to prevent the continuance of the injury, for which a

great part of her damages must necessarily have been assessed. If her motion should be granted, she will have recovered compensation, so far as the future is concerned, for an injury which, in fact, will not exist. Such an inequitable result should, it seems to us, be avoided, if possible. The action of the district court meets with our approval, and its judgment and ruling are AFFIRMED.