# F. R. NOONAN v. F. LINDSEY SPEAR.[1]

April 23, 1915.

Nos. 19,148—(94).

**New trial — notice of motion — laches.**

Plaintiff's notice of motion for a new trial was personally served 7 instead of 8 days before the hearing, was not returned for being too late, and was granted on May 27, 1913. On appeal the order was affirmed on May 29, 1914. On October 22, 1914, defendant gave notice of motion in the lower court to vacate the order of May 27, 1913. The motion was denied on November 2, 1914. Defendant by this appeal attempted to challenge both orders. *Held:* The irregularity was of such character that a party may not delay for 17 months and then expect the lower court to grant relief. [Reporter.]

**Dilatory appeals.**

By taking an appeal and presenting the defect for determination in the appellate court, without first exhausting his remedies in the lower court, defendant lost his right to urge it on a second appeal as a basis of relief. Successive or piecemeal assertions of error resulting in dilatory appeals are not to be tolerated. [Reporter.]

Appeal by defendant from an order of the district court for Hennepin county entered May 27, 1913, purporting to vacate an order for judgment made on September 16, 1912, and from an order of November 2, 1914, denying defendant's motion to vacate the order of May 27, 1913, and denying his motion to strike the case from the calendar. Affirmed.

*F. Lindsey Spear*, pro se.

*A. X. Schall, Jr.*, for respondent.

PER CURIAM.

On May 27, 1913, the court below on plaintiff's motion granted a new trial herein. Defendant appealed. The order was affirmed May 29, 1914. Noonan v. Spear, 125 Minn. 475, 147 N. W. 654. On October 22, 1914, defendant gave notice of a motion in the court below to vacate the order of May 27, 1913. The motion was denied, the order being filed November 2, 1914. By this appeal defendant attempts to challenge the validity of both orders. Respondent makes the point that subsequent to July 1, 1913, no appeal could be taken from the order grant-

[1] Reported in 152 N. W. 270.

ing a new trial, it not being therein stated that it was "based exclusively upon errors occurring at the trial;" and that, in its true aspect, the motion to vacate is but a second attempt to reverse the order for a new trial. We deem it unnecessary to determine that question for clearly the order of November 2, 1914, was right. Every ground urged upon the court below for vacating the order for a new trial had been pressed upon this court on the former appeal and had been determined against defendant on the merits, except, possibly, the one that the notice of motion for a new trial was served seven instead of eight days before the hearing; and as to that ground this court held it an irregularity which would not reverse where the record failed to show that before the appeal an application for relief had been made to the trial court. It is plain that this irregularity was of such character that a party may not delay for 17 months and then expect the lower court to grant relief. In fact, failure to serve a notice of motion within time is deemed waived where, as in this case, the notice was served personally but was not returned for being too late. 3 Dunnell, Minn. Dig. § 8733. We also think that the irregularity was of that technical sort which does not support repeated efforts to derive advantage therefrom. By taking an appeal and presenting the defect for determination in the appellate court, without first exhausting his remedies in the court below, the right is lost to again urge it as a basis for relief. Successive or piecemeal assertions of error resulting in dilatory appeals are not to be tolerated. We may also add that outside this defect in the service of the motion for a new trial there has been no claim that upon the settled case plaintiff was not entitled to a new trial. With the exception that we may infer that the eleventh assignment of error presents for review the order of November 2, 1914, all the assignments of error now are identical with those presented upon the former appeal and were all therein determined against appellant. That decision must stand as the law of the case. The orders appealed from are affirmed.