GEORGE LARSON AND OTHERS v. MINNESOTA NORTH-WESTERN ELECTRIC RAILWAY COMPANY.[1]

May 11, 1917.

Nos. 20,248—(86).

**Order to show cause — motion — jurisdiction of court.**

1. An order to show cause, in proper form and properly served, is as effective as a statutory notice of motion to bring into court the party to whom it is directed and to give jurisdiction over him.

**Injunction — modification before condemnation.**

2. A judgment perpetually enjoining a railroad company from occupying a city street, on the ground that the right to do so has not been regularly acquired, should be vacated when the right is acquired by a proper franchise and condemnation proceedings, and the court may, in its discretion, modify the injunction on proper terms before the condemnation proceeding is complete.

From an order of the district court for Pennington county, Grindeland, J., vacating and setting aside the judgment entered after the former appeal, reported in 131 Minn. 183, 154 N. W. 948, so far as the same applied to the west 15 feet of Davis avenue in the city of Thief River Falls, plaintiffs appealed. Affirmed.

*F. A. Grady*, for appellants.

*Stanton & Rowberg*, for respondent.

HALLAM, J.

In July, 1914, defendant constructed a railroad track along the center line of Davis avenue in the city of Thief River Falls. Plaintiffs, abutting property owners, and owners of the fee to the center of the street adjacent

[1]Reported in 162 N. W. 523.

to their lots, brought this suit to enjoin the defendant from maintaining its tracks and roadway on the street. Judgment was entered that defendant be perpetually enjoined from maintaining and operating its railroad upon Davis avenue, and requiring it to remove its tracks therefrom. On appeal to this court, the judgment was affirmed, November 19, 1915. In affirming the judgment, this court indicated that, upon procuring a franchise from the city, defendant might proceed to acquire by condemnation the right to lawfully operate its cars upon this street, and further indicated that if the defendant intended to proceed to acquire this right in this manner, the trial court would undoubtedly, upon seasonable application, stay the enforcement of the judgment, so that the public might not be inconvenienced by interruption of traffic. The defendant did not act upon this suggestion but forthwith proceeded to obey the judgment as rendered and discontinued traffic upon the street. This portion of the opinion is accordingly no longer of importance in the litigation.

Thereafter a franchise was obtained from the city to construct and operate a railroad along the west 15 feet of Davis avenue, and on June 25, 1916, defendant commenced condemnation proceedings, for the purpose of acquiring the right to there construct and operate its road. Commissioners were appointed to appraise the damages. The commissioners met, made their appraisement and award, and on September 23, 1916, filed the same in court. Thereupon defendant moved the district court for an order vacating the judgment, so far as the same applies to the west 15 feet of Davis avenue, to the end that defendant might proceed to construct its tracks thereon. The district court granted the motion on condition that the defendant give a bond, conditioned that it would prosecute the condemnation proceeding diligently to final judgment, and that it would pay each of the plaintiffs such sums of money as may finally be decreed in the judgment in said condemnation proceedings, and abide the further order of the court. Plaintiffs appeal from this order.

1. Plaintiffs were brought into court on this motion by an order to show cause, returnable 10 days after its date. They contend that an order to show cause, unless in a case where the circumstances require a shortening of the statutory time of notice, does not give the court jurisdiction of the party to whom it is addressed. We find no warrant for any such

rule. It is provided by statute that the court may, by order to show cause, shorten the usual 8 days' notice of motion. G. S. 1913, § 7749. No other reference is made, in the statute, to orders to show cause. But the power of the district court to issue such orders is not statutory. It is one of the inherent powers of the court. It is common to issue such an order where a restraining order is necessary. It is not unusual to issue such an order where the court deems it wise for any reason to fix the time for hearing, where the purpose is to fix a shorter or longer time than 8 days. McCaslin v. Camp, 26 Mich. 390. While the court will not usually issue such orders without some excuse therefor, still, if it does do so, the order is always effective when duly served, and it is a substitute for the ordinary notice of hearing if it contains all the requisite elements of a notice. Gross v. Clark, 1 Civ. Proc. 17; McAuliffe v. Coughlin, 105 Cal. 268, 38 Pac. 730; Marty v. Ahl, 5 Minn. 14 (27). Defects which go merely to the form of the order do not go to the jurisdiction of the court, and objection based thereon should be seasonably raised in the trial court. See Noonan v. Spear, 125 Minn. 475, 147 N. W. 654; 129 Minn. 528, 152 N. W. 270.

2. The modification of this judgment was a proper exercise of the discretion of the court. A judgment ordering a perpetual injunction is not above the power of the court to ever alter or amend. Facts may arise after the judgment is rendered of such a nature that the judgment ought not to be executed, and, in such event, modification of the judgment may be a matter of right. Weaver v. Mississippi & R. R. B. Co. 30 Minn. 477, 16 N. W. 269; Colstrum v. Minneapolis & St. Louis Ry. Co. 33 Minn. 516, 24 N. W. 255.

Upon the grant of a proper franchise to this defendant and upon completion by it of the condemnation proceeding, the right of the defendant to be relieved from this injunction as to the property condemned would be absolute. At the time the court did modify it, the condemnation proceeding was not complete and the right to a modification had not yet become absolute. The proceeding had, however, gone so far that an award had been made and the defendant stood ready to pay the award or to give bond for the payment in the event of appeal. Defendant had the right to take possession of the street either on payment of

the award after judgment (G. S. 1913, § 5409), or in the event of appeal, upon giving of a bond as the statute requires. Section 5407. The order of the court required an ample bond fully protecting the right of the plaintiffs in their damages. The trial court followed the practice that was approved by this court in the Weaver case, supra, a case similar to this in its facts. It was proper to vacate the injunction as to the land condemned.

Order affirmed.