## INDIANA QUARTERED OAK CO. v. FEDERAL TRADE COMMISSION.

Circuit Court of Appeals, Second Circuit.
May 9, 1932.

Harry D. Nims, of New York City, for petitioner.

Robert E. Healy, of Washington, D. C., Chief Counsel for Federal Trade Commission.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

An order was issued against the petitioner, on August 16, 1927, to cease and desist from advertising, selling, or offering for sale certain woods of the Philippine Islands as mahogany or Philippine mahogany. An application was made by the petitioner to review the order in this court and the order was affirmed on May 14, 1928. See Indiana Quartered Oak Co. v. Federal Trade Comm. (C. C. A.) 26 F.(2d) 340, certiorari denied 278 U. S. 623, 49 S. Ct. 25, 73 L. Ed. 544. The order and mandate of this court was entered against the petitioner on October 14, 1929. It required the petitioner to refrain from designating its goods as mahogany or Philippine mahogany.

It appears from the petition now filed that at the time of the entry of the order to cease and desist against the petitioner, other dealers and users of similar woods of the Philippine Islands were established in business and they advertised, sold, and designated their same woods as Philippine mahogany. Subsequent to the order of affirmation of this court, these dealers petitioned the Federal Trade Commission to institute new proceedings against one of their number, alleging that a more complete disclosure of the facts regarding the subject-matter would effect a different result. This the Federal

Trade Commission did, selecting the Gillespie Furniture Company of Los Angeles, Cal., as respondent, and issued its complaint against it on December 14, 1929. The allegations of that complaint were the same as contained in the complaint issued against this petitioner. An answer was filed, the trial proceeded on the issues thus framed, and a very voluminous record of 8,000 pages was made. On this record, the Federal Trade Commission, one commissioner dissenting, dismissed the complaint against the Gillespie Furniture Company. Between the time of the issuance of the complaint against the Gillespie Furniture Company and the dismissal of that complaint by the Commission, complaints were filed against fourteen other dealers or users of the same kind of wood, also advertised and sold as Philippine mahogany. Subsequent to the dismissal of the petition against the Gillespie Furniture Company, these complaints were dismissed by the Commission upon a stipulation and order of dismissal reading: "Respondent hereby stipulates and agrees that in its sale, description and advertisement of the wood of the Philippine Islands which it has heretofore designated and described as 'Philippine Mahogany' and articles of commerce made therewith, it will not employ the word 'mahogany' in connection with the sale of said wood without the modifying term 'Philippine.'"

It is here alleged that the fifteen dealers referred to above, against whom complaints were issued, and other dealers and users of the same wood who are not bound by the orders of any court, do now freely advertise, sell, and designate their wood and products composed thereof by the common and accepted name of Philippine mahogany, whereas this petitioner by reason of the order and decree of this court is restrained from designating its same wood by that designation. The petition alleges that the defendant is handicapped in responding to the invitations to bid offered by architects and builders when Philippine mahogany is designated in the specifications and therefore is not free to compete with other dealers in the same wood. It claims it is thus penalized by reason of the order of this court while its competitors are under no restraint, due to the subsequent action taken by the respondent with reference to its competitors. It points out that similar orders were entered against other dealers in the Eighth and Ninth Circuit Courts of Appeals, and that the Federal Trade Commission on April 15, 1932, directed its chief counsel to prepare a petition to

be filed in those courts, in which the Federal Trade Commission and the dealers against whom orders of the court were entered, similar to the order against this petitioner, will jointly ask for a modification so that they will be free to designate their wood as Philippine mahogany and not as mahogany without qualification.

The prayer for relief is that this court modify its former order and decree to the extent of permitting petitioner to be free to use the term "Philippine mahogany" consistent with the order of the Commission entered against the fourteen other dealers and users of wood, or that we vacate our order and decree so entered and remand the proceedings, together with the record therein, to the Federal Trade Commission for further consideration.

The Circuit Courts of Appeals are granted exclusive jurisdiction to enforce, set aside, or modify orders of the Commission. Judicial Code, § 128 (28 USCA § 225); Federal Trade Commission Act, § 5, 38 Stat. 719 (15 USCA § 45). This court therefore has original jurisdiction in the matter of setting aside or modifying orders of the Commission. With such original jurisdiction, it has the power to vacate its own order upon good cause shown and where equity demands such action. Such power is inherent in a court of equity where a modification of an injunctive order is sought. United States v. Swift & Co., 285 U. S. ——, 52 S. Ct. 460, 76 L. Ed. ——, decided May 2, 1932; In re Jackson (D. C.) 9 F. 493; Lowe v. Prospect Hill Cemetery Ass'n, 75 Neb. 85, 106 N. W. 429, 108 N. W. 978; Larson v. Minnesota El. Ry. Co., 136 Minn. 423, 162 N. W. 523.

The allegations of the petition, which are all admitted by the respondent, set forth sufficient reason why we should modify the order entered. The subsequent investigation made by the Commission satisfied it that using the qualifying term "Philippine" in the sale of the petitioner's wood and selling it as "Philippine mahogany" would eliminate the unfair competition charged against it originally when this case was here before, and now if the order to cease and desist in its original form stands against the petitioner it places it in a position where it would be unable to fairly compete with its competitors. Under these circumstances, this court should act and will do so. An order will therefore be entered by this court modifying the order of affirmance directing the petitioner to cease and desist, so that petitioner will be permitted to use the term "Philippine mahogany" consistent with the provisions of the order of the Commission entered on November 7, 1931, as against other named respondents and petitioners in the trade of the petitioner.

Motion granted.