## SUPREME COURT.

WILLIAM S. GILCHRIST and others, heirs at law of CHARLES GILCHRIST, deceased, agt. SILAS COMFORT.

On the trial of an action to recover *possession of real estate,* the plaintiff intro- duced in evidence a judgment roll of this court, by which it appeared that in an action in this court against the plaintiff in this action, by which the plaintiff in that action claimed title to the premises, it was adjudged in that action that the title to the premises was legally in the defendant, the plaintiff in this action, whereupon the court considered that the judgment given in evidence was conclusive as between the parties of the plaintiff's right to recover the premises, and gave judgment for the plaintiff, and the defendant moved for a new trial, on exceptions, including this ground, with others, which was denied by the genral term, for the reason that the question of title was *res judicata.* And after the decision of the general term, the court of appeals *reversed* so much of the judgment which was given in evidence in this action, as *determined any question of title between the parties.*

*Held,* that the defendant in this action was entitled to his motion to set aside the order denying the motion for a new trial, together with the judgment which had been entered; also, allowing a re-argument of the remaining points contained in his exceptions.

*Broome General Term, January,* 1864.

*Before* CAMPBELL, PARKER and MASON, *Justices.*

MOTION by defendant to set aside a former order of this court denying a motion for a new trial.

J. E. DEWEY, *for motion.*

D. C. BATES, *opposed.*

By the court, PARKER, J. This action was brought by Charles Gilchrist against Silas Comfort, the defendant, to recover possession of certain real estate in Otsego county. Since the action was commenced Charles Gilchrist has died, and the above named plaintiffs, his heirs at law, have been duly substituted in his stead. On the trial at the circuit the plaintiff introduced in evidence a judgment roll in an action in which the First Methodist Episcopal Church in Springfield (under whom the present defendant holds the premises in question) was plaintiff, and the said Charles Gilchrist defendant; which action was brought to set aside the deed under which the said Gilchrist claimed the premises, as a cloud upon the title of the said plaintiff, and also to obtain an adjudication establishing the title of the plaintiff as against the defendant.

The judgment obtained in that action not only dismissed the complaint, but adjudged the right to the premises to be in the then defendant. On the trial of this action at the circuit a verdict was directed for the plaintiff. A motion was subsequently made at general term by the defendant upon exceptions for a new trial, which was denied expressly on the ground that the said judgment so given in evidence was conclusive, as between the parties, of the plaintiff's right to recover the premises. Since that decision of the general term, the court of appeals has reversed so much of the judgment in the First Methodist Episcopal Church in Springfield against Gilchrist as determines any question of title between the parties, and affirms it only so far as it dismisses the complaint, on the ground that the deed which the action was brought to set aside, as a cloud on the title of that plaintiff, was void on its face, and therefore no cloud on the plaintiff's title.

The defendant now moves for an order setting aside the former order of this court denying the motion for a new trial, together with the judgment, which has been entered in the action, also allowing a re-argument of the motion

for a new trial, upon the exceptions taken by him on the trial, striking out of the case, on which the same shall be so re-argued, the said judgment roll and all matters relating thereto.

If the judgment in the court of appeals reversing so much of the judgment put in evidence on the trial as determined the rights of the parties in respect to the land in question, had been given before the trial, the roll would not have been competent, much less conclusive evidence in this case, and the decision made at general term, holding the defendant concluded by it, would not have been made.

The question now is, whether the defendant can have any advantage of that decision in the present condition of the action. Although a judgment has been entered upon the verdict, it remains unexecuted, as no execution has been issued upon it, so that the court has it still within its control.

Upon principle it would seem that relief ought to be granted to the defendant. This court denied his motion for a new trial upon a ground which the court of appeals has since done away—one which, while it existed, was indeed a valid ground for denying the motion, but which, it turns out, ought never to have had existence; and inasmuch as this court has made such a ground the test of the rights of the parties, it ought, if not inconsistent with positive rule, to place them in *statu quo*, and decide in regard to those rights, without reference to this false ground on which its former decision was based. I think it within the power of the court, and consistent with its established practice, to grant relief in this case.

The principle seems to be well settled that " where there are several dependent judgments, and the principal one is reversed, the others cannot be supported; as if a man recover in debt upon a judgment, if the first judg-

ment be reversed, the second falls to the ground." (2 *Tidd's Practice*, 1128 ; *Bac. Abr. title Error, M.* 3.)

In accordance with this principle it was held in *Lazell* agt. *Miller* (15 *Mass. R.* 207), that " if a judgment be recovered, based on a former judgment, and collected, which former judgment has since been reversed, the amount may be recovered back in an action for money had and received." A judgment in an action brought upon a former judgment which was erroneous cannot be *reversed* for the error in the former judgment; the course to be taken is to obtain a reversal of the original judgment, and then apply for a review of the action brought upon the first jndgment. (*Hawes* agt. *Hathaway*, 14 *Mass. R.* 233.) It was held in *Wetmore* agt. *Law* (34 *Barb.* 515) that when facts have arisen since a judgment was entered of such a nature that it is clear the judgment ought not to be executed, relief against the judgment may be given upon a motion to vacate the same. And in *The People* agt. *The Mayor, &c. of New York* (11 *Abbott*, 66) it was held that " if a judgment is based upon the fact that a former judgment is conclusive upon the parties, it should be set aside on motion, when the former judgment has been set aside."

As this court held the question of title to the premises *res adjudicata* as between the parties, made so by the adjudication in *The First Methodist Episcopal Church in Springfield* agt. *Gilchrist*, and upon that ground alone denied a new trial, and as the adjudication on which this court based its decision, has since been reversed, the case comes within the principle of the cases cited. The ground of the order denying a new trial has been removed, and the order itself should therefore be vacated, and the parties put in *statu quo*. I am of the opinion that the judgment and order denying a new trial should be set aside, and a re-argument allowed upon the remaining points in the case. This will be but putting the parties where they were before the argument of the motion for a new trial.

And in order to effect the object of the re-argument—to examine the question of defendant's right to a new trial upon the remaining points in his case, exclusive of the one which the court of appeals has removed—it is necessary that the case should come before the court in a shape presenting those remaining points alone. To this end the defendant's counsel asks that the judgment roll, and all matters appertaining thereto, be stricken from the bill of exceptions. We do this in effect, by ordering the re-argument upon the remaining points, exclusive of that. Under such an order the judgment roll and the matters pertaining to it become of no importance to the case; are entirely nugatory; and inasmuch as the records of the court should not be loaded with immaterial and impertinent matters, I think the better course is to strike them out.

I am of opinion that the motion of the defendant should be granted.