## COCHRANE *v.* DEENER.

The court declines to vacate its decree rendered at the last term in *Cochrane* v. *Deener*, 94 U. S. 780, but holds that third parties, whose interests are opposed to the Cochrane patents which were in controversy in that suit, should not be concluded from having a further hearing upon them whenever a future case may be presented here for consideration.

MOTION to set aside the decree rendered at the last term in *Cochrane* v. *Deener*, 94 U. S. 780, and to dismiss the appeal.

*Mr. George Harding* in support of the motion.
*Mr. Matt. H. Carpenter, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

After a careful examination of the evidence adduced on the motion to vacate the decree in this case, we see no ground to believe that the appellants are chargeable with any collusion with the appellees in reference to the argument of the appeal. On the contrary, the weight of the evidence is, that they repelled any arrangement or proposition which might look to that end. Whilst we would not hesitate to set aside a decree collusively obtained, the proof ought to be very clear to induce us to do this at the instance of strangers to the suit, though incidentally affected by the decision of the questions involved.

At the same time, as the decision in this case is made the basis of applications for injunctions against third parties in the Circuit Court, it is right that we should say, that, in the argument of the appeal before us, the case on the part of the appellees was, as it seemed to us, very imperfectly presented; and the evidence laid before us on this motion demonstrates the fact that the appellees, in consequence of the conditional arrangement with the appellants, which they secured before the argument was had, or for some other cause, omitted to prosecute their defence with that degree of zeal and efficiency which the importance of the case would otherwise have demanded. The result was, that the labor of the court, and its liability to overlook points of weight and importance, were greatly increased. As the case was presented to us, we see no cause for changing

our views. But, under the circumstances, we think that third parties, who had no opportunity of being heard, and whose interests as opposed to the Cochrane patents are very important, should not be concluded from having a further hearing upon them whenever a future case may be presented for our consideration. *Motion denied.*