## Case No. 308.

AMERICAN MIDDLINGS PURIFIER CO. v. VAIL et al.

[15 Blatchf. 315;[1] 4 Ban. & A. 1.]

Circuit Court, S. D. New York. Oct. 28, 1878.

PATENTS FOR INVENTIONS — INFRINGEMENT — INJUNCTION BY CONSENT—DECISION ON MERITS.

After a motion for a preliminary injunction in a suit in equity for the infringement of letters patent had been heard, and before it was decided, the defendants filed a paper withdrawing their opposition to the motion. Thereupon the court granted the injunction and refused to make any other decision on the motion, although the plaintiff insisted that the motion should be decided on the merits, with a view to other cases.

[In equity. Suit by the American Middlings Purifier Company against Daniel S. Vail and others, for infringement of letters patent Nos. 37,317 and 37,318. Plaintiff moves for a preliminary injunction. Granted.]

Charles F. Blake and Rodney Mason, for plaintiffs.

George Harding, for defendants.

BLATCHFORD, Circuit Judge. The motion for a preliminary injunction in this case was made in the regular way between the contesting parties, and was resisted with all the ability, research, and investigation that could well be brought to the defense of any action or proceeding. The matter ran

along for a considerable number of days, broken by other engagements of the judge, and finally, I think, it was finished when I was sitting here on the 23d day of July last, either that day or the next. The papers, however, were not in readiness for the court to take up the case for decision until a subsequent day, because my recollection is, that, after I left the city, I received a printed paper containing points or suggestions on the part of Mr. Harding; and I think I also received a similar paper from the other side. At all events, it was some time in the month of August before the papers were in a condition in which a judge could take them up for decision, in justice or good faith to the counsel who submitted them. The decision in the case was not delayed for any reason connected with anything in the case itself, but it was delayed because earlier cases had precedence. Up to this time, this case has not been reached by me in the regular order of decision.

This case is now in this position. The counsel for the defendants comes into court and files a paper, in which he sets forth that the defendants have become bankrupt, that they have ceased running their mill, and that, through their counsel, they withdraw their opposition to the motion. That paper was handed to me, and I put it upon the files of the court, with a memorandum on the back of it, that the plaintiffs might have an order reciting the contents of this paper, and stating that the motion, for that reason, is granted; that is, the plaintiffs could have such an order, if they pleased. If they do not wish to take such an order, they need not do so. There is no actual contest between the parties to the motion; and, according to well settled principles, laid down by the supreme court of the United States in many cases, this court cannot proceed to a decision of a motion on the merits. As has been said by judges of the supreme court in similar cases, the court must have a real contest before it. It cannot be employed as a moot court. The principles that underlie that doctrine are, in the first place, that it is manifestly not proper for courts to be employed for that purpose; and, in the second place, that the judicial mind cannot be in a proper state for deciding a case in which there is no real contest between the parties to it. These principles are well settled, and are applicable to a case of this kind. The very fact alleged on the part of the plaintiffs, that this decision is sought in order to affect other cases, is the very reason laid down by the supreme court why no such decision should be made. It is definitely laid down by that court, that, when there is no real contest between the parties to a suit, and a decision will affect third parties, the case will not be decided by the court. I will refer to a case in which that question is discussed by the supreme court. It is the case of Lord v. Veazie, 8 How. [49 U. S.]

[1][Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 1; and here republished by permission.]

251. That case had elements in it which are not in this case, but the same fact existed, that there was no real dispute between the parties. Chief Justice Taney, in delivering the opinion of the court in that case, says, that the court is satisfied that there is no real dispute between the plaintiff and defendant, that it is a case where their interests are not adverse, but that they have arrived at a point in the controversy where there is no real dispute between them. The court says: "In these proceedings the plaintiff and defendant are attempting to procure the opinion of this court upon a question of law, in the decision of which they have a common interest opposed to that of other persons, who are not parties to this suit." It was an important case, and there was a large amount of property involved. The court goes on to say, that "an amicable action, in the sense in which these words are used in courts of justice, presupposes that there is a real dispute between the parties concerning some matter of right; and, in a case of that kind, it sometimes happens, that, for the purpose of obtaining a decision of the controversy without incurring needless expense and trouble, they agree to conduct the suit in an amicable manner; that is to say, that they will not embarrass each other" unnecessarily. "But there must be an actual controversy and adverse interests." And then the court says: "A judgment entered under such circumstances, and for such purposes, is a mere form."

There is a case in 1 Black, [66 U. S.] 419. the case of Cleveland v. Chamberlain, in which the court cites the case of Lord v. Veazie. Mr. Justice Grier delivered the opinion of the court, and he puts his decision upon the very ground that is urged here by the plaintiffs as a reason why the court should decide this motion, to wit, that the decision will affect third parties. He states that as the very ground why the court should not decide the case. He says, that the controversy is carried on "for the evident purpose of obtaining a decision injurious to the rights and interests of third parties. There is no material difference between this case and that of Lord v. Veazie, 8 How. [49 U. S.] 254, where the whole proceeding was justly rebuked by the court, as in contempt of the court, and highly reprehensible.' * * * It is plain that this is no adversary proceeding, no controversy between the appellant and the nominal appellee." And then the court quotes from the case in 8 How. [49 U. S.] The order of the court in the case is very significant. It is as follows: "This cause came on to be argued on the transcript of the record from the circuit court of the United States for the district of Wisconsin, and, it appearing to the court here, from affidavits and other evidence filed in this case,

in behalf of persons not parties to this suit, that this appeal is not conducted by parties having adverse interests, but for the purpose of obtaining a decision of this court to affect the interest of persons not parties, it is, therefore, now here ordered and adjudged by this court, that the appeal in this case be and the same is hereby dismissed;" thus placing the dismissal upon the very ground that is urged here as a ground for deciding this motion on its merits.

If any authority were needed in support of the proposition that these defendants have a right to come into court at this time, and consent to this injunction, it is found in the case of Latham's and Deming's Appeals, 9 Wall. [76 U. S.] 145, where a party came into court with a stipulation asking to dismiss his own appeal. It was one of the legal tender cases. The court had fixed a day for the hearing, and every thing was in readiness. The attorney-general of the United States objected to the court receiving this dismissal by the party of his own appeal, and said that it was a surprise to him, and that he desired to argue the case. But the court said that the appellants had the right to dismiss their appeal. Upon precisely the same principle, these defendants have the absolute right to consent to this injunction. So far as the motion for an injunction is concerned, they have put an end to the suit, and this has become a case in which there is no contest between the parties to the motion. Consequently, it would be contrary to all precedent for this court to decide the merits of the motion. The plaintiffs are at liberty to take an order for an injunction, but the court, of course, will not force it upon them. They may take it or not, as they please.

In this case, in its present posture, the decision of the court is, that, because the defendants have withdrawn their opposition to the motion for an injunction, an injunction is granted for the reasons stated in the withdrawal paper which has been filed, and the court declines to make any other decision upon the motion.

[NOTE. Patent No. 37.317 was granted January 13, 1874, to William F. Cochrane, and reissued, No. 5.841. April 21. 1874. For other decisions involving this patent, see Cochrane v. Deener, 94 U. S. 781; American Middlings Purifier Co. v. Atlantic Milling Co., Case No. 306; Same v. Christian, Id. 307; Same v. Atlantic Milling Co., Id. 305; Cochrane v. Deener, 95 U. S. 355.

[Patent No. 37.318 was granted January 13, 1863, to William F. Cochrane, and reissued. No. 6,030, August 25, 1874. For other decisions involving this patent, see authorities given above.]