JAMES WEAVER vs. MISSISSIPPI & RUM RIVER BOOM COMPANY.

June 14, 1883.

**Appeal—Order Modifying Injunction.**—An order modifying an injunction, and in part suspending its operation, is, in effect, one dissolving the injunction *pro tanto,* and is appealable under Gen. St. 1878, c. 86, § 8, subd. 2.

**Judgment—Vacation on Motion.**—Where facts have arisen after final judgment, of such a nature that it ought not to be executed, relief by

the vacation or modification of the judgment may be granted on motion, provided the facts are undisputed.

**Constitution—Eminent Domain.—**Section 13 of defendant's charter (Sp. Laws 1867, *c.* 134,) considered, and *held* to grant defendant the right to exercise the right of eminent domain by the condemnation of land for the purposes of its business, although, so far as it authorizes it to enter upon and occupy such lands before making compensation, it is unconstitutional and void.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for trespasses by defendant, and to enjoin it from use of, or interference with his land, and recovered judgment granting a perpetual injunction against defendant. Plaintiff appeals from an order made by *Shaw,* J., on defendant's motion, modifying this injunction, so as to exclude from its operation a strip of plaintiff's land, pending proceedings to condemn the same for defendant's use. A former appeal in the action is reported in 28 Minn. 534.

*Rea, Woolley & Kitchel,* for appellant.

*McNair & Gilfillan,* for respondent.

MITCHELL, J. This is an appeal from an order modifying an injunction, and suspending its operation in part. Such an order is in effect one dissolving an injunction *pro tanto,* and is appealable under Gen. St. 1878, *c.* 86, § 8, subd. 2.

The facts in this case, so far as here material, are briefly these: Final judgment was rendered, granting a perpetual injunction restraining defendant from entering upon certain lands of plaintiff, and from causing logs or other material to run upon or injure them, and from in any manner interfering with them. Subsequently defendant instituted proceedings under its charter, (Sp. Laws 1867, *c.* 134, § 13,) for the condemnation of an easement in a portion of the same lands. Under these proceedings a report was made and filed by the commissioners, awarding plaintiff $4,500 compensation for the lands so proposed to be taken. From this award plaintiff appealed, and a trial was had in the district court, and a verdict rendered; and thereafter, by stipulation of parties, a stay of proceedings was had, for the purpose of giving either party an opportunity to make a case and

move for a new trial. Under this condition of things, defendant moved for a dissolution of the injunction, upon affidavit setting forth these condemnation proceedings, and alleging that the use of the easement sought to be condemned was necessary to the proper performance of the duties imposed by its charter; that its booms could not be used without occupying or encroaching upon the lands in question; and that, if the injunction was allowed to continue in force against defendant, it would be compelled to discontinue the use of its booms, to its great damage. Against this affidavit plaintiff made no showing. The court refused to dissolve the injunction entirely, but made the order appealed from, modifying it by suspending its operation as to that part of the premises sought to be condemned, upon condition that defendant execute to plaintiff a bond, with two sureties, in double the amount of the verdict, conditioned for the payment of such judgment as should be finally rendered in the matter of said appeal, with leave to plaintiff to move to vacate such order in case defendant failed to execute such bond, or to prosecute diligently its condemnation proceedings to final judgment, or to pay such judgment as might be rendered therein in favor of plaintiff.

1. The first objection to this order is that a final judgment, not appealed from, cannot be thus set aside or modified on motion. Under the former practice, where facts have arisen since judgment was rendered, of such a nature that the judgment ought not to be executed, a party could obtain relief by an action of *audita querela.* Since the Code such relief may be granted on motion, provided the facts are undisputed. *Wetmore* v. *Law,* 34 Barb. 515; *Gilchrist* v. *Comfort,* 26 How. Pr. 394; *Cotton* v. *Mississippi & Rum River Boom Co.,* 22 Minn. 372. In this case a state of facts has arisen since the entry of the judgment, by reason of the institution of these condemnation proceedings, such that, had they existed at the time, the court would have refused to grant the injunction as to the land in which the easement is proposed to be taken. *Harrington* v. *St. Paul & S. C. R. Co.,* 17 Minn. 188, (215;) *Lohman* v. *St. Paul, S. & T. F. R. Co.,* 18 Minn. 157, (174;) *Bass* v. *City of Shakopee,* 27 Minn. 250. The order was, therefore, in our opinion, within the power of the court, and was a proper exercise of its discretion, although the condemnation proceed-

ings were not completed, so as to vest in defendant a legal right to the premises in respect to which the injunction was modified. The order does not assume to authorize defendant to enter upon and use the land before payment of compensation. It simply determines that, inasmuch as these proceedings had been pursued with diligence to a stage which gives reasonable assurance that the legal right to the use of the lands will be speedily acquired, and inasmuch as a continuance of the injunction in the meanwhile will be productive of serious injury to the public service which defendant was created to perform, therefore the court will refuse to continue to enjoin, and will suspend the operation of the injunction, but on terms that will protect all the substantial rights of plaintiff, and then leave him to resort to his action at law for damages for the trespass if he sees fit to do so. This is an elementary and familiar principle, controlling courts in the dissolution or refusal to grant injunctions. *Bass* v. *City of Shakopee, supra.*

2. The appellant makes two objections to the validity of the condemnation proceedings instituted by defendant: (1) That the petition is void for uncertainty as to the easement sought to be acquired; (2) that the charter authorizes the condemnation only of lands upon which entry has previously been made, and that the petition does not show that these lands had in fact been entered upon; and, further, that the provisions of the charter authorizing an entry before payment of compensation are unconstitutional, and therefore the charter in fact gives defendant no valid authority whatever to exercise the right of eminent domain. We doubt whether these objections to the condemnation proceedings can be thus raised on this appeal. But we think neither of them is well taken. As to the first, we think the easement sought to be acquired in these lands is sufficiently described in the petition, and with as much definiteness as the circumstances of the case will admit. As to the second, we suggest that section 13 of defendant's charter is, so far as this question is concerned, an exact transcript of the charter of the St. Paul & Pacific Railroad Company—Laws 1857, (Ex. Sess.) *c.* 1, § 13—under which the right of eminent domain has been always exercised by that company, and the legality of such action has been frequently recognized by this

court. So far as the charter of defendant authorizes it to enter upon and occupy lands before making compensation, it is unconstitutional and void. *Hursh* v. *First Div., etc., R. Co.,* 17 Minn. 417, (439.) But all such obnoxious provisions may be stricken out, and still, in our opinion, sufficient remain to authorize the taking of lands for the uses of defendant. As remarked in *Warren* v. *First Div., etc., R. Co.,* 21 Minn. 424, the leading intention of this section is to enable the company to take private property for the purposes of the corporation. The matters of detail must, if necessary, yield to this intention. The act must be controlled by the constitution, and must be construed so as to conform to constitutional requirements.

Order affirmed.