GAMEWELL FIRE-ALARM TEL. CO. et al. v. MUNICIPAL SIGNAL CO. et al.

(Circuit Court of Appeals, First Circuit. January 4, 1894.)

No. 42.

1. EXPIRATION OF PATENT—INTERLOCUTORY INJUNCTION—APPEAL.
   The expiration of a patent dissolves an interlocutory injunction restraining its infringement, and, where an appeal is pending, leaves nothing for the appellate court to act upon, and the appeal will be dismissed.

2. APPEAL FROM INTERLOCUTORY INJUNCTION—DECISION.
   On an appeal from an interlocutory decree granting an injunction restraining the infringement of a patent, the court will not dispose of the entire case, except when the determination of the question whether the injunction was erroneous requires an examination of the whole case, on the merits. Richmond v. Atwood, 2 C. C. A. 596, 52 Fed. 10, explained.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit by the Municipal Signal Company, licensee, and James F. Oyster, assignee, to restrain the Gamewell Fire-Alarm Telegraph Company and others from infringing letters patent, No. 178,750, granted June 13, 1876, to Henry Ennis. The patent was for an improvement in telegraphic fire alarms. The circuit court entered an interlocutory decree granting a perpetual injunction, and referred the cause to a master to take an account of profits. 52 Fed. 464. Defendants appeal.

Charles N. Judson and Richard N. Dyer, for appellants.

Fish, Richardson &. Storrow, for appellees.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. Pending the appeal, and before argument of the cause in this court, the letters patent in suit expired, and with that expiration the interlocutory injunction appealed from termi-

nated. There is, therefore, nothing remaining for a judgment of this court to act upon. In this condition of the cause the court will no further consider whether the injunction was or was not properly granted, but will dismiss the appeal.

Appeal dismissed; no costs on appeal to either party.

After the foregoing opinion was rendered, a petition for rehearing was filed, but was withdrawn by leave of the court. The court at the same time gave the parties leave to file briefs upon the form of the decree to be entered. Briefs were accordingly submitted, and, after considering the same, the following opinion was rendered:

(March 21, 1894.)

PER CURIAM. It is true that in Richmond v. Atwood, 2 C. C. A. 596, 52 Fed. 10, which came before this court on an appeal from an interlocutory decree granting an injunction, the whole case was examined and was disposed of on its merits. But that injunction, it is to be remembered, was granted by the court below upon a final hearing of the case on the full evidence, and this court, in support of its judgment, said: "We must go to the full merits, as shown by the record, in order to determine whether the interlocutory decree for a perpetual injunction is founded in error." It is only when the determination of the question whether the injunction was erroneous so requires us to look into the whole case on its merits that we shall feel disposed to follow the course pursued in Richmond v. Atwood. Assignments of error ought to be strictly confined to the subject brought before the appellate court, whether on appeal or by writ of error.

In the case now before us everything has been decided except the form of the decree to be entered. Upon that question the brief of the appellants suggests, if it does not contend, that we should pass upon all the matters in the assignment of errors. In the view of the court, the expiration of the patent ipso facto dissolved or terminated the injunction, and left nothing requiring the interposition of this court. The appeal has been accordingly dismissed. It would have been useless labor to consider the questions which would have required examination and determination after the removal of the subject to which they pertained. The dismissal of the appeal without a qualifying order leaves the case to proceed in the circuit court as if no appeal had ever been taken, and it is enough to enter a decree, "Appeal dismissed."

Mandate according to the decree of January 4, 1894, may issue forthwith.