### SOALE ET AL. *v.* STATE, EX REL. KIGHT ET AL.

[No. 2,650. Filed October 3, 1899.]

APPEAL AND ERROR.—*Facts Arising after Rendition of Judgment Appealed from.*—A judgment against a guardian for pension money received by him for his ward will be reversed on appeal where, pending the appeal, the pension department set aside the ward's title to the pension money.

From the Vigo Circuit Court. *Reversed.*

*D. N. Taylor, McNutt & McNutt* and *G. I. Kisner,* for appellants.

*S. M. Houston* and *Sawyer & Rheuby,* for appellees.

COMSTOCK, C. J.—This action was brought by the State of Indiana on the relation of Purley Kight against Wilson H. Soale, guardian of the relator, and Andrew Grimes, James N. Phillips, and Charles Monninger, his bondsmen. The

cause was put at issue, a trial resulting in a judgment in favor of appellee against all the defendants, in the sum of $100, and against the defendants Wilson H. Soale, Andrew Grimes and Charles Monninger for the further sum of $400. In the assignment of errors, the action of the court is challenged in its rulings upon the several demurrers filed to the complaint, and to the answer, and upon the motion for a new trial. For reasons which will hereinafter appear, we do not consider the questions discussed.

The following are, in part, the facts disclosed by the record: John F. Kight, who had been a private in the 85th Indiana Volunteer Infantry in the war for the suppression of the rebellion, died in March, 1880, leaving a widow and two children, Ida and a son, Purley Kight, surviving him. At the death of the father the son was four years old. Soon after this event he was abandoned by his mother and became an inmate of the Asylum for the Poor of Vigo county, Indiana. Appellant Soale was, during several years prior and subsequent to 1888, engaged in prosecuting claims for pensions before the Interior Department of the United States Government, and after some years of search and investigation procured evidence to the satisfaction of the Pension Department that the relator in this case was the son of the dead soldier, and by reason of such relation entitled to a pension. The appellant was duly appointed and qualified by the judge of the circuit court as his guardian, and as such guardian received for the use and benefit of the relator from the Pension Department the sum of $887. He continued to act as such guardian, paying certain sums of such money to the relator from time to time, until he attained the age of twenty-one years, when the relator demanded payment of the balance remaining in the hands of the appellant. They did not agree as to the amount of such balance and this suit followed.

At the trial of the cause the controlling question was the amount, if any, due the relator. Counsel for appellee earn-

estly insist that the lower court committed no error in any of the rulings to which appellant excepted and which are discussed on this appeal, but they frankly concede that since this appeal was taken, the Pension Department has set aside the relator's title to the pension money, and that since the foundation of the judgment is gone, they can not ask the court to affirm that judgment. To affirm the judgment would be inequitable, because it would be to award the relator that to which it is conceded he has no claim. It has been held in the following cases that if facts (undisputed) occur since the judgment, which makes its enforcement inequitable, the defendant should be permitted to avail himself of such facts in some way. *Weaver* v. *Mississippi, etc., Co.,* 30 Minn. 477, 16 N. W. 269; *Chisholm* v. *State,* 42 Ala. 527; *Aetna Ins. Co.* v. *Aldrich,* 38 Wis. 107; *Heckling* v. *Allen,* 15 Fed. 196; *Wetmore* v. *Law,* 34 Barb. 515; *Clark* v. *Rowling,* 3 Comst. 216; *Baker* v. *Judges, etc.,* 4 Johns. (N. Y.), 191; *Gilchrist* v. *Comfort,* 26 How. Pr. 394.

It is proper to say that the record discloses no censurable conduct in the prosecution of the claim for the pension upon the part of the appellant; nor does it appear that the relator intended any fraud upon the Government. Like the person now found to be Purley Kight, he was left an orphan at an early age. Because of his poverty he became an inmate of the same county asylum. He seems to have been only the victim of misfortune.

In view of the undisputed facts, we are of the opinion that the appellant should have the benefit of the action of the Commissioner of Pensions in setting aside the relator's title, and for that purpose, the judgment is reversed and the trial court instructed to grant a new trial.

Henley, J., absent.