## KENDALL *v.* KENDALL.

[No. 5,805.   Filed November 14, 1906.]

1.   APPEAL.—*Vacation of Judgment Appealed from, by Trial
Court.—Effect.*—The vacation of a judgment, by the trial court,
which has been appealed from, renders the points involved in
such appeal mere moot questions.   p. 82.
2.   SAME. — *Moot Questions. — Dismissal.* — Where a cause on
appeal involves moot questions only, the appeal will be dis-
missed.   p. 82.

From Rush Circuit Court; *Vincent G. Clifford,* Special
Judge.

Suit by Alfred Kendall against Marcus A. Kendall.
From a decree for plaintiff, defendant appeals.   *Appeal
dismissed.*

*Megee & Kiplinger* and *Smith, Cambern & Smith,* for
appellant.

*Watson, Titsworth & Green, A. J. Ross* and *Louis B.
Ewbank,* for appellee.

WILEY, J.—Appellee obtained a decree below that he was the owner of the real estate described in his complaint, the paper title to which was in appellant, and that he was entitled to have the same conveyed to him, subject to a lien in favor of appellant for the sum of $1,777.54. In the decree the court appointed a commissioner to make a deed of conveyance, and directed that such deed be made. Appellee's attorneys filed a lien upon the decree for $1,000, for their fees. Appellant filed an answer, and a cross-complaint upon which issues were joined. In his cross-complaint he averred that he was the owner of the real estate in controversy, and asked that his title thereto be quieted.

The transcript was filed in this court July 21, 1905, and appellant's brief was filed August 29, 1905. September 6, following, appellee filed a written discharge of the attorneys who represented him in the court below, and directed the clerk not to receive or file any brief or papers offered to be filed by such attorneys. September 25, 1905, another attorney, under written authority of appellee, appeared in the cause as his attorney, and on October 16 filed a confession of errors.

October 19, 1905, appellee's attorneys below filed a petition for leave to appear and defend the appeal, which was granted, and they were directed to file a brief in thirty days, which they did. This petition was based upon two grounds: (1) That they prosecuted the suit below to final judgment, and entered upon the judgment docket a lien for their fees; that appellee has no property out of which to satisfy his creditors, except that involved in this controversy. (2) That appellant, who is the son of appellee, obtained possession of the person of appellee, has since "excluded these attorneys and other friends of appellee from him," and that upon information and belief said confession of errors was not his voluntary act. This petition was supported by affidavit.

July 21, 1906, appellee, by his attorney, filed a motion to dismiss the appeal, upon the grounds that since the appeal was taken appellant had applied to the court below for a new trial as of right, and that said motion had been sustained. The motion to dismiss is supported by a certified copy of the proceedings upon the motion for a new trial as of right. The certified copy of said proceedings shows the filing of the motion and that the same was sustained. The final entry is as follows: "Wherefore it is ordered, adjudged, and decreed by the court that the judgment entered in said cause on April 5, 1905, and entered in order-book No. 44, at page 791, * * * and all proceedings founded thereon, be and the same are hereby set aside and held for naught and a new trial ordered in said cause as of right." To this motion to dismiss, appellee's former attorneys have interposed an objection, and filed a brief in support thereof. Their principal contention is that under the issues appellant was not entitled to a new trial as of right. Whether he was or not, it is not necessary for us to decide. It was shown that the parties to the suit appeared to the motion; that the cause was redocketed, the motion sustained, a new trial as of right granted, and the decree vacated. The court had jurisdiction of both the subject-matter and the parties, and its action, right or wrong, is not before us for review. The decree from which this appeal is prosecuted having been vacated by the court that rendered it, such court having jurisdiction to act, leaves nothing for us to decide. It becomes a moot question.

Courts will not give time to the examination of moot questions, the determination of which will serve no useful purpose. *State* v. *Board, etc.* (1899), 153 Ind. 302; *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427. It is also the rule that where it is shown on appeal that the record contains nothing but a moot question the appeal will be dismissed.

If we should take up the case for decision, and reach a conclusion that the decree should be reversed, it would serve no purpose, for it appears that, pending the appeal, it has been regularly set aside and vacated. If on the other hand, our investigation should lead to an affirmance, we would be affirming a decree that does not exist.

Appeal dismissed.