CHAPIN v. FRIEDBERGER–AARON MFG. CO.

(Circuit Court of Appeals, Third Circuit. December 23, 1907.)

No. 16.

APPEAL—DISMISSAL—PATENTS—APPEAL FROM DECREE AWARDING INJUNCTION —EXPIRATION OF PATENT PENDING APPEAL—MOOT QUESTION.

On the expiration of a patent while an appeal from a decree award-ing a perpetual injunction against its infringement, but not ordering an accounting, is under advisement by the appellate court, the case becomes one not involving any subsistent right, and the appeal will be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3122; vol. 38, Patents, § 603.]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

On motion to dismiss appeal.

For opinion below, see 151 Fed. 264.

Joseph C. Fraley, for appellant.
Frank S. Busser, for appellee.

Before DALLAS and BUFFINGTON, Circuit Judges, and CROSS, District Judge.

DALLAS, Circuit Judge. This was a suit on a design patent. The court below awarded a perpetual injunction, but, the complainant hav-ing waived any right it might have had to an account, no accounting was ordered. The decree was made on April 13, 1907. This appeal was taken during the month following, was argued on October 8, 1907, and was still under advisement when, on October 26, 1907, the patent expired. Thus the injunction became inoperative, and nothing was left for a judgment of this court to act upon. The one substantial question in the case has been eradicated, and we ought not to consider a mere abstraction, not resting upon any existing fact or subsistent right. The case has declined to the level of those which, in Hatch v. Reardon, 204 U. S. 160, 27 Sup. Ct. 188, 51 L. Ed. 415, were charac-terized as "imaginary," and with such cases courts will not con-cern themselves. Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; Gamewell Fire-Alarm Telegraph Co. v. Municipal Signal Co., 61 Fed. 208, 9 C. C. A. 450; Lockwood v. Wickes, 75 Fed. 118, 21 C. C. A. 257; American Middlings Purifier Co. v. Vail, 15 Blatchf. 315, Fed. Cas. No. 308. Neither party was at fault in not calling our attention at the argument to the fact that the patent was about to expire. It had not been observed by either party, and we think that the court, of its own motion, if it had subsequently become aware of

the actual expiration of the patent, might properly have refused to further entertain the appeal.

The clerk's costs, we are advised, have already been secured, and, as we have come to the conclusion that neither party should be awarded costs in this court (Gamewell Co. v. Municipal Co., supra), our order will be that the appeal be dismissed, without costs.