## HALE ET AL. *v.* BERG.

[No. 6,072. Filed January 15, 1908.]

1. APPEAL.—*Moot Questions.—Intoxicating Liquors.—License.— Expiration.*—An appeal from a judgment granting a license for the sale of intoxicating liquors will be dismissed, where the license expired before the case could be reached for decision. p. 49.
2. SAME.—*Moot Questions.—Costs.*—An appeal presenting only a moot question will not be entertained merely to determine who ought to be liable for costs. p. 52.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Application of Louis Berg for license to retail intoxicating liquors, against which J. M. Hale and others remonstrate. From a judgment for the applicant, remonstrants appeal, *Appeal dismissed,*

*Milo M. Bruce, Otto J. Bruce* and *Thomas H. Heard,* for appellants.

*Herbert S. Barr* and *Grant Crumpacker,* for appellee.

WATSON, J.—The appellee on July 3, 1905, filed his application before the Board of Commissioners of the County of Lake, asking that he be granted a license to retail

1. intoxicating liquors in the town of Lowell, in said county. This application was resisted by appellants, who are residents of said town and the township in which it is situated, by filing a remonstrance against the granting of said license. A trial was had before the commissioners, which resulted in the appellee's being granted license by the board as prayed for. From this decision an appeal was taken to the Lake Circuit Court, and from there the venue was changed to the Porter Circuit Court, where said cause was tried by a jury, resulting in a verdict and judgment in favor of appellee, sustaining the decision of the board of commissioners. From this judgment an appeal was taken to this court.

Section 8323 Burns 1908, Acts 1897, p. 253, §3, provides as follows: "Upon the execution of the bond required in the fourth section of this act, being §5315 of the revised statutes of 1881, the presentation of the order of the board of commissioners, granting him license, and the county treasurer's receipt for $100, the county auditor shall issue a license to the applicant for the sale of such liquors as he applied for."

By §8336 Burns 1908, §5319 R. S. 1881, the license, as provided for under the laws of this State, shall not be granted for a greater nor less time than one year from the date thereof.

The record in this appeal discloses the fact that the license was issued to appellee on July 3, 1905, and, by statute, it expired one year from that date The real question between

the parties hereto was whether the applicant should receive his license. Suppose that we concede that the record discloses a reversible error, and that this cause should be reversed and remanded for a new trial, what would there be to try? Certainly not the question as to whether a license should be granted to the applicant, for it has been granted, has been issued and has expired, by the very terms of the statute. Nothing now remains in this appeal that presents any live or actual litigation, but the question presented is a moot or abstract one. The appeal, therefore, under the authorities, will be dismissed. *Kendall* v. *Kendall* (1906), 39 Ind. App. 80; *Wallace* v. *City of Indianapolis* (1872), 40 Ind. 287; *Stauffer* v. *Salimonie Mining, etc., Co.* (1897), 147 Ind. 71; *Manlove* v. *State* (1899), 153 Ind. 80; *State, ex rel.,* v. *Board, etc.* (1899), 153 Ind. 302; *Rowe* v. *Bateman* (1899), 153 Ind. 633; *Schrader* v. *State, ex rel.* (1901), 157 Ind. 341; *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317; *Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279; *Murphy* v. *Boston, etc., R. Co.* (1872), 110 Mass. 465; *People, ex rel.,* v. *Squire* (1888), 110 N. Y. 666, 18 N. E. 362; *Pelham* v. *Rose* (1869), 9 Wall. 103, 19 L. Ed. 602; *Hazen* v. *Concord Railroad* (1885), 63 N. H. 390; *Blake* v. *Askew* (1877), 76 N. C. 325; Elliott, App. Proc., §148, and cases there cited; *Gamewell, etc., Tel. Co.* v. *Municipal Signal Co.* (1894), 61 Fed. 208, 9 C. C. A. 450; *People, ex rel.,* v. *Common Council, etc.* (1880), 82 N. Y. 575; *In re Manning* (1893), 139 N. Y. 446, 34 N. E. 931; *Colvard* v. *Board, etc.* (1886), 95 N. C. 515; *Cheong Ah Moy* v. *United States* (1884), 113 U. S. 216, 5 Sup. Ct. 431, 28 L. Ed. 983; *Mills* v. *Green* (1895), 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293.

The case of *People, ex rel.,* v. *Common Council, etc., supra,* which has been quoted with approval by the Supreme Court, was an appeal from a judgment denying the relator's petition to compel the common council of Troy to appoint police commissioners. The record disclosed the fact that the of-

ficial term, which was the subject of the controversy, had expired. The court said: "The official term, therefore, over which the controversy arose, has already ended. Nobody can be appointed for the disputed period, since it is already gone. The new election has presumably occurred, and nothing remains but the abstract questions from the determination of which no practical result can follow. In such cases we have heretofore dismissed the appeal, and see no reason for changing the rule now."

In the case of *Mills* v. *Green, supra,* there was a petition by Lawrence P. Mills, who alleged that he was a voter of a certain precinct in Richland county, South Carolina, against Green, who was the supervisor of registration of said precinct, stating that by the statute of said state an election to select delegates would be held on the third Tuesday in August, 1895, the convention to assemble on the second Tuesday in September, 1895; that the petitioner and others desired to vote at said election, but had been prevented from registering by reason of the burdensome and unconstitutional registration laws; that the registration books did not contain their names and they would thereby be deprived of their right to vote at said election. The prayer was for a writ of injunction restraining and enjoining the defendant from turning over said registration books to the managers. A temporary injunction was granted, but dissolved upon the hearing of said cause. The plaintiff's appeal was entered on September 19, 1895. The court dismissed the appeal upon the ground that at the time the appeal was perfected there was no actual controversy involved between the parties. In dismissing the case the court said: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the

judgment of a lower court, and without any fault of the defendant an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence. *Lord* v. *Veazie* [1850], 8 How. 250, 12 L. Ed. 1067; *California* v. *San Pablo, etc., R. Co.* [1893], 149 U. S. 308, 13 Sup. Ct. 876, 37 L. Ed. 747.'' In the case of *Dunn* v. *State, ex rel., supra,* the court said: ''It has been the universal practice of this court to dismiss an appeal when it is made to appear that it is unnecessary to decide the question presented. In fact, it is an elementary principle that it is the province of a court to decide real questions or controversies between litigants, and not to decide simply moot or abstract propositions. The authorities generally affirm as a settled rule of appellate procedure that where it is shown in the particular appeal that the litigation or controversy has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the appeal, under the circumstances, will be dismissed.''

Nor will the appeal, under such circumstances, be entertained to determine who ought to be liable for costs. *Stauffer* v. *Salimonie Mining, etc., Co., supra; Manlove* v.

2.  *State, supra; Dunn* v. *State, ex rel., supra; Eastburn* v. *Kirk* (1817), 2 Johns. Ch. (N. Y.) \*317; *Taylor* v. *Vann* (1900), 127 N. C. 243, 37 S. E. 263; *Converse* v. *Trapp* (1895), (Tex. Civ. App.), 29 S. W. 415.

Appeal dismissed.