## BROWN ET AL. v. DICUS.

[No. 21,240.   Filed March 16, 1909.]

1. INTOXICATING LIQUORS.—*Licenses.—Appeals from Boards of Commissioners.—Effect.*—On appeal from the granting, by the board of commissioners, of a license to retail intoxicating liquors, the circuit court tries the case *de novo*, and, disregarding the license already granted, should itself either refuse or grant a license. p. 53.
2. APPEAL.—*Moot Questions.— Intoxicating Liquors.— Expiration of Licenses.*—Where the board of commissioners granted, to the appellee, a license to retail intoxicating liquors, on June 6, 1907, and the circuit court attempted to confirm same on December 17, 1907, an appeal to the Supreme Court, decided on March 16, 1909, presents moot questions only, the license having expired. p. 54.

From Crawford Circuit Court; *William C. Utz,* Judge.

Application by John Dicus for license to retail intoxicating liquors, against which Martin J. Brown and others remonstrate. From a judgment for the applicant, remonstrants appeal. *Appeal dismissed.*

*R. S. Kirkham* and *Clyde R. Lottick,* for appellants.

*Richard M. Milburn, Samuel A. Lambdin, Jerry L. Suddarth* and *Major W. Funk,* for appellee.

JORDAN, C. J.—Appellee applied to the board of commissioners of Crawford county, at its June session, 1907, for a

license to sell intoxicating liquors in the town of English, in said county, as provided by §8318 *et seq.* Burns 1908, §5314 *et seq.* R. S. 1881. Appellants appeared before the board and remonstrated against the granting of a license to appellee. They moved to strike out and dismiss the application, for the reason, as alleged, that it did not sufficiently describe the room in which the applicant proposed to sell intoxicating liquors. This motion the board overruled. There was a hearing before the board, and on June 6, 1907, the board entered an order granting appellee a license, as prayed for in his application, for the term of one year. From this order of the board appellants appealed to the Crawford Circuit Court. In the latter court they renewed their motion to strike out the application, for the same reason that was assigned in the motion made before the board of commissioners. The court sustained this motion and dismissed the application. Appellee asked, and was granted by the court, leave to file an amended application, which he accordingly filed. Appellants then moved to strike out the amended application. This motion was overruled. They also unsuccessfully moved to strike out the transcript of the proceedings of the board of commissioners. At this point the cause appears to have been remanded by the circuit court to the board of commissioners in order to permit appellee to secure a correction of the record by a *nunc pro tunc* entry, and upon a refiling in the circuit court of the complete transcript of the proceedings before the board of commissioners there was a trial by the court and finding in favor of appellee that he was entitled to be granted a license, and on December 17, 1907, the court entered the following judgment and order: ''Come again the parties, and the court now renders judgment upon the finding of this cause. It is therefore considered and adjudged by the court that the applicant herein is entitled to have a license to retail intoxicating liquors in Sterling township, and that he is a fit person to be entrusted with the sale of intoxicating liquors, and

that the license issued to him by the auditor of Crawford county, in pursuance of the order of the board of commissioners, made and entered at their June term, 1907, be and the same is in all things confirmed and held valid, and that the plaintiff recover of the defendants his costs herein laid out and expended and taxed at $......, to which defendants except and pray an appeal to the Supreme Court, which is granted upon the filing of the bond within thirty days in the penal sum of $400 conditioned as provided by the law, with Thomas B. Sonner as surety thereon, who is now approved by the court, and defendants are now granted sixty days in which to prepare and file a general bill of exceptions.''

Appellants then moved for a new trial, but their motion was overruled. From this judgment appellants appeal, and the alleged errors of the lower court, which they discuss and rely upon for reversal, are: (1) In granting appellee leave to file an amended application; (2) in overruling the motion to strike out and dismiss appellee's amended application; (3) in overruling the motion to strike out the transcript of the board of commissioners, etc. By reason of extensions of time for filing briefs the filing of the latter was not completed until October 8, 1907, and this appeal, by reason of the many others preceding it, did not pass into the hands of the court for decision until long after December 17, 1908.

It will be noted, as the record discloses, that the board of commissioners, on June 6, 1907, at its regular June session, granted appellee a license to sell intoxicating liquors

1. for a period of one year. On appeal the circuit court, on December 17, 1907, rendered its judgment, whereby it was considered and adjudged that appellee was entitled to receive a license to retail intoxicating liquors, and that he was a fit person to be entrusted with the sale of such liquors, but the court did not profess by its judgment to grant appellee a license *de novo,* but merely ordered and ad-

judged "that the license issued to him by the auditor of
Crawford county, in pursuance of the. order of the board of
commissioners made and entered at the June term, 1907, be
in all things confirmed and held valid." The action of the
circuit court in confirming the license issued to appellee by
the county auditor under the order of the board of commis-
sioners, instead of granting to him a license *de novo,* was
certainly a peculiar procedure, and was not consistent with
decisions of this court. *Molihan* v. *State* (1868), 30 Ind.
266; *Young* v. *State* (1870), 34 Ind. 46; *Blair* v. *Kilpatrick*
(1872), 40 Ind. 312; *Mullikin* v. *Davis* (1876), 53 Ind. 206;
*Keiser* v. *State* (1881), 78 Ind. 430; *Board, etc.,* v. *Kreuger*
(1882), 88 Ind. 231; *State* v. *Sopher* (1901), 157 Ind. 360.

In the latter case we held that if an applicant for a license
to sell intoxicating liquors takes out the license granted to
him by the board of commissioners and the remonstrator or
remonstrators appeal to the circuit court, and the latter court
grants the applicant a license, his right to sell such liquors
will depend on the license awarded to him by the circuit
court and not on the order of the board of commissioners,
from which the appeal to the circuit court was taken. But
so far as the ultimate conclusion which we herein en-
tertain is concerned, it is immaterial whether the year
which was the limit of appellee's license commenced to
run from June 6, 1907—the date of the order of the board of
commissioners by which the license was granted—or from De-
cember 17, 1907, the date upon which the circuit court ren-
dered its judgment confirming the license issued to ap-
pellee by the auditor of the county by virtue of the order
of the board of commissioners, because, from either view,
appellee's license has already expired by limitation of law.
§8336 Burns 1908, §5319 R. S. 1881.

Consequently, were we to concur with appellants' counsel
in the contention that the rulings of the lower court of which
they complain were erroneous, and reverse the judgment,
nevertheless such reversal would produce no practical re-

sults; or, in other words, this appeal presents nothing but a moot question, which courts never decide. *Hale* v. *Berg* (1908), 41 Ind. App. 48, and authorities cited; *Stauffer* v. *Salimonie Min., etc., Co.* (1897), 147 Ind. 71; *Manlove* v. *State* (1899), 153 Ind. 80; *State, ex rel.,* v. *Board, etc.* (1899), 153 Ind. 302; *Rowe* v. *Bateman* (1899), 153 Ind. 633; *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317.

*Hale* v. *Berg, supra,* was an appeal by the remonstrators from a judgment granting a license to appellee in that case to retail intoxicating liquors. When the case came before the Appellate Court for consideration, it appeared from the record that the time for which the license had been granted had expired. The appeal was, therefore, dismissed. The court said: "The record in this appeal discloses the fact that the license was issued to appellee on July 3, 1905, and, by statute, expired one year from that date. The real question between the parties hereto was whether the applicant should receive his license. Suppose that we concede that the record discloses a reversible error, and that this cause should be reversed and remanded for a new trial, what would there be to try? Certainly not the question as to whether a license should be granted the applicant, for it has been granted, has been issued and has expired, by the very terms of the statute. Nothing now remains in this appeal that presents any live or actual litigation, but the question presented is a mooted or abstract one." So in this case it must follow, for the reasons herein given, that this appeal should be dismissed.

Appeal dismissed.