# BOARD OF COMMISSIONERS OF THE COUNTY OF CLINTON *v.* CLARK.

[No. 6,355. Filed April 7, 1909.]

1. COMPROMISE AND SETTLEMENT.—*Contracts.*—*Dismissal of Appeal Upon Payment of Costs.*—Where appellant agreed that if appellee would pay the costs incurred on appeal, appellant would pay the judgment appealed from and dismiss such appeal, and the same was done, the appellant has no right to take a second appeal from such judgment. p. 501.

2. APPEAL.—*Moot Questions.*—*Settlement.*—Where a judgment has been compromised and settled, an appeal therefrom presents only a moot question. p. 501.

From Clinton Circuit Court; *Joseph Claybaugh*, Judge.

Action by Richard C. Clark against the Board of Commissioners of the County of Clinton. From a judgment for plaintiff, defendant appeals. *Appeal dismissed.*

*Harry C. Sheridan,* for appellant.

*James V. Kent,* for appellee.

WATSON, C. J.—This was an action by appellee against appellant to recover certain fees collected by appellee, then clerk of the Clinton Circuit Court, and alleged to have been paid into the treasury of said county by mistake and inadvertence.

A complaint in three paragraphs was filed, to which appellant demurred separately. The demurrer was overruled, and, appellant refusing to plead further, judgment was rendered for appellee in the sum of $1,025.36.

The assignment of errors in this court calls in question the sufficiency of each paragraph of the complaint. To the assignment of errors the appellee has filed an answer, which is substantially as follows: (1) A denial; (2) that the judgment appealed from was rendered in the Clinton Circuit Court in favor of the appellee and against the appellant on December 10, 1905, and on said day the appellant prayed for and was granted an appeal to this court; that on February 27, 1906, the transcript in said cause was filed in this court, cause docketed, errors assigned, and the appeal in all things perfected. While said cause was thus pending in this court it was agreed to between the parties that if appellee would pay the costs of the appeal, to wit, $16.25, the appellant would dismiss its appeal, and appellee was to file his judgment claim with said appellant, same to be allowed and paid in pursuance of said agreement. Appellee did pay said costs and so filed his claim with appellant, which was allowed, and on July 3, 1906, appellant did pay appellee said judgment claim, to wit, $1,058.55, and appellant thereupon caused said judgment to be released, fully satisfied and discharged on the order-book of the Clinton Circuit Court. Appellee avers that afterwards, to wit, on December 8, 1906, appellant again appealed said cause to this court, by refiling the transcript thereof and assigning errors in said cause, and gave notice of appeal as required by law.

The appellant admits the facts averred in appellee's answer in bar to be true.

This answer in bar avers that for the consideration of the payment of costs the appellant agreed to and did dismiss its appeal herein, and did pay the judgment claim, and said judgment was thereafter released and satisfied. The appellant for the consideration of the payment of costs in this court waived its assignment of errors and right to prosecute this appeal. This was an adjustment of the controversy between the parties, and by this compromise the appellant surrendered its right, given it by statute, further to prosecute the appeal in this cause. Ewbank's Manual, §201; *Veach* v. *Pierce* (1854), 6 Ind. 48; *Newman* v. *Kiser* (1891), 128 Ind. 258; *State, ex rel.,* v. *Wilkinson* (1886), 20 Neb. 610, 31 N. W. 376; *Franklin* v. *Peers* (1898), 95 Va. 602, 29 S. E. 321; *Dakota County* v. *Glidden* (1884), 113 U. S. 222, 5 Sup. Ct. 428, 28 L. Ed. 981; *Mills* v. *Green* (1895), 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293.

Moreover, this plea discloses the fact that the judgment has been paid, and therefore the controversy settled, which resolves this into a moot case. This appeal will not be considered, for it is an elementary principle that it is the province of courts to decide real controversies, and not abstract or moot propositions. Ewbank's Manual, §142; *Hale* v. *Berg* (1908), 41 Ind. App. 48, and cases there cited; *Brown* v. *Dicus* (1909), 172 Ind. 51.

For the foregoing reasons, this appeal is dismissed.