### STARR v. GLUECK ET AL.

[No. 23287. Filed June 8, 1917.]

APPEAL.—*Moot Question.—Transfer of License.—Expiration before Perfecting Appeal.—Dismissal.*—On an appeal from a judgment sustaining a demurrer to a petition for the transfer of a retail liquor license and granting the transfer, where the record shows that the license involved must have expired before the appeal was perfected, the appeal presents a moot question and will be dismissed.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Proceedings on the petition of Harry H. Glueck to transfer a retail liquor license to Joseph Feczko, against which Oliver Starr remonstrates. From a judgment permitting the transfer, the remonstrant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Appeal dismissed.*

*L. V. Cravens* and *Oliver Starr,* for appellant.
*Sheehan & Lyddick,* for appellees.

LAIRY, J.—Appellee Glueck filed his petition before the board of commissioners of Lake county under the provisions of §8323n Burns 1914, Acts 1911 p. 244, 253, for an order permitting him to transfer a license for the sale of intoxicating liquors held by him to Feczko. Appellant Starr appeared and filed a remonstrance against the transfer of such license, which was overruled by the board, and the order permitting the transfer was made. Appellant appealed to the Lake Superior Court where a demurrer addressed to his remonstrance was sustained; whereupon he refused to amend or plead further and judgment was entered permitting the transfer of the license. From this judgment appellant prosecutes this appeal and assigns as error the ruling of the court in sustaining the demurrer to his remonstrance.

The record shows that the license which was the subject of the litigation and which was transferred under the judgment of the trial court was granted on July 6, 1914. Under the law the license was granted for a term of one year and would expire one year from that date. §8323t Burns 1914, Acts 1913 p. 322. The transcript in this case was filed in the Appellate Court on August 7, 1915. It thus appears that the license which is the subject of litigation had been transferred and had expired before the appeal was perfected. The appeal presents a moot question and for that reason it must be dismissed. *Hale* v. *Berg* (1907), 41 Ind. App. 48, 83 N. E. 357, and cases there cited. Appeal dismissed.

NOTE.—Reported in 116 N. E. 419. Moot question, dismissal of appeal, 5 Ann. Cas. 626; Ann. Cas. 1912 C 247; 3 Cyc 188; 4 C. J. 577.