## OLSTEAD *v.* McKENZIE ET AL.

[No. 14,475.   Filed March 16, 1932.]

*Newton A. Hembroff,* for appellant.

*A. Ottenheimer, Charles M. Reed, Lester F. Murphy* and *Jesse W. McAtee,* for appellees.

NEAL, J.—Appellees instituted this action against appellant in the city court of East Chicago, Lake County, Indiana, on April 14, 1927, for the possession of one acre of real estate in section 32, township 37, north, range 9 west of the second principal meridian. Thereafter, on April 22, 1927, appellant secured a lease for the premises from North Township, Lake County, Indiana, which lease was by appellant pleaded as a defense in this action. At the time of filing this cause of action in the court below, appellant had no lease for the premises involved in this appeal. Judgment was rendered in this cause in favor of appellees and against appellant for the possession of the premises. Thereafter, September 10, 1931, North Township filed an action based upon the lease so given by it to Carsten E. Olstead (appellant herein), and on September 26, 1931, judgment was rendered in favor of North Township against Carsten E. Olstead and another for the possession of the above-described premises. On September, 1931, a writ of restitution was issued by the city court of East Chicago against appellant. On November 30, 1931, the bailiff of the named city court made a return on the writ of restitution showing that he had put North Township in possession of the real estate and that the property of appellant Olstead, upon the premises involved in this appeal had been sold and disposed of and title thereto transferred to one Glen McVey, and that the writ was partially satisfied. The judgment in the city court of East Chicago is still in full force and effect, never having been modified nor appealed from, and the time for taking an appeal has expired. The lease under which appellant claimed possession has

been terminated, appellant ousted from possession, and appellees are in possession.

The foregoing statements are supported by affidavits by Earl H. McKenzie, Bertha E. McQuaid and Joseph W. Dunsing, who are named as trustees of the school city of East Chicago, as appellees herein, and are alleged to be such in appellees' verified motion to dismiss.

It is the law that, where an appellant, as in this case, ceases to have any interest in a pending appeal, he will no longer be permitted to maintain an appeal. *Stuaffer* v. *Salimonie Mining and Gas Co.* (1897), 147 Ind. 71, 46 N. E. 342.

An appellate tribunal does not sit to decide moot questions. *Brown* v. *Dicus* (1909), 172 Ind. 51, 87 N. E. 716; *Board, etc.,* v. *Clark* (1909), 43 Ind. App. 499, 87 N. E. 1059.

Under the facts as alleged in the verified motion to dismiss this appeal, which allegations are not denied by appellant, appellant has no appealable interest. His demand for possession of the premises has been adjudicated against him, and a dismissal of the appeal must necessarily follow. *Williams* v. *Richards* (1899), 152 Ind. 528, 53 N. E. 765; *Soale* v. *State, ex rel.* (1899), 23 Ind. App. 8, 54 N. E. 766.

Appeal dismissed.